THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN JERNATOWSKI, Appellant.

*Crimes — robbery in first degree — judgment of conviction affirmed.*

People v. *Jernatowski*, 202 App. Div. 781, affirmed.

(Argued October 26, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 5, 1922, which affirmed a judgment of the Erie County Court rendered upon a verdict convicting the defendant of the crime of robbery in the first degree.

*Bernard Swartz* and *Ernest W. McIntyre* for appellant.

*Guy B. Moore, District Attorney* (*W. Bartlett Sumner* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

ALIDA A. BLISS, Appellant, *v.* CHARLES W. BENEDICT et al., Appellants, and THE CITY OF NEW YORK, Respondent.

*Real property — title — partition — lands under water upon northerly side of East river, borough of The Bronx — title in city of New York under colonial patents to town of Westchester.*

*Bliss* v. *Benedict*, 202 App. Div. 115, affirmed.

(Argued October 26, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered September 2, 1922, which reversed interlocutory and final judgments entered upon a decision of the court on trial at Special Term in an action for the partition of real property in so far as they determined that the city of New York had no right, title or interest in or to any parts of the lands or lands under water described in the complaint and directed judgment dismissing the complaint as to the city of New York and determining that the defendant the city of New York is seized in fee simple absolute and entitled to the possession of so

much of the property described in the complaint as lies outshore of the line of mean high water. The lands sought to be partitioned were situated on the easterly side of Cornell's Neck, near Clason Point on the northerly side of the East river between the Bronx river and Westchester creek in the borough of The Bronx and consisted of upland and lands under water. The city claimed title to the lands under water under the colonial patents to the town of Westchester.

*Francis K. Pendleton, Francis J. Byrne, Rufus B. Cowing, Jr.,* and *Clara A. Salem* for appellants.

*John P. O'Brien, Corporation Counsel (Charles J. Nehrbas* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE SHERWOOD COMPANY, Appellant, *v.* OTTO VOLKEN-ING, Respondent.

*Landlord and tenant — damage to property of tenant from water flowing from faucet left turned on in unoccupied premises overhead — when landlord not liable.*

*Sherwood Co.* v. *Volkening,* 196 App. Div. 962, affirmed.

(Argued October 26, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 30, 1921, unanimously affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint. The action was tenant against landlord, to recover for damage to plaintiff's goods arising from water flowing from a faucet left turned on in unoccupied premises above those leased by plaintiff, it being contended that said unoccupied premises were in sole charge of defendant and that, therefore, he was responsible for the damage. There was no proof as to who left the faucet turned on. The lease contained the following