to which matured bonds a tax had been paid. The defendant on December 1, 1919, executed to the Old Colony Trust Company as trustee a trust mortgage covering its real property to secure bonds in the aggregate principal amount of over $95,000,000. When the mortgage was recorded the recording tax was paid on the amount mentioned. Subsequently at different times the defendant under the provisions of said trust mortgage issued thereunder three series of bonds aggregating $21,558,000. The proceeds of these bonds were used to pay and discharge an equal amount of the former bonds. The Appellate Division held that a tax was payable.

*Robert E. Whalen* for appellant.

*Charles D. Newton, Attorney-General (John J. McCall* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

CHARLES H. ADDINGTON, as Trustee of the MARVEL OIL BURNER COMPANY, INC., a Bankrupt, Respondent, *v.* FORSYTH METAL GOODS COMPANY, Appellant.

(Submitted December 11, 1922; decided December 15, 1922.)

Motion for re-argument denied, with ten dollars costs and necessary printing disbursements. · (See 234 N. Y. 93.)

---

JENNIE L. J. STARKE-BELKNAP, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Real property — title — ejectment — Cortlandt manor — lands under water of coves and bays appurtenant to upland passed under royal grant to original proprietor — subsequent grant by state of such lands under water conveys no title.*

*Starke-Belknap* v. *N. Y. Central R. R. Co.*, 197 App. Div. 249, affirmed.

(Submitted November 29, 1922; decided January 9, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial

department, entered June 21, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was in ejectment. The complaint described two parcels, one to the east and the other to the west of defendant's railroad tracks along the shore of the Hudson river in the town of Cortlandt, Westchester county, both parcels having originally been below high-water mark, as parts of bays or coves on the eastern side of said river. In straightening its tracks the defendant filled in one of these parcels, and in part appropriated the other parcel under a land grant or patent from the state of New York for this and other submerged lands on the river, dated December 26, 1873. The question was whether the royal grant by letters patent of June 17, 1697, to Stephanus Van Cortlandt, creating Cortlandt manor, had included these submerged lands. The trial court held that it did and that consequently the state of New York had no title to grant to the defendant.

*John F. Brennan* for appellant.

*Frank M. Avery* and *Earl A. Darr* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

CLARA A. HALE et al., Respondents, *v.* MICHAEL H. RIPTON, Appellant.

*Contract — clause in public contract that contractor will be responsible for or repair any damage caused in execution of work — when owner of building may recover thereunder from contractor for damage to building arising from prosecution of work.*

*Hale* v. *Ripton*, 197 App. Div. 926, affirmed.

(Argued December 4, 1922; decided January 9, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 20, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover damages to a building