BEST RENTING COMPANY, INC., Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, November 18, 1927.

**Deeds — description — evidence shows title to land in question to be in plaintiff through patent granted in 1685.**

This action involves the title to certain land on Long Island. A review of the evidence leads to the conclusion that plaintiff is entitled to the land under a grant to a former owner made in 1685, and under mesne conveyances of the land.

REARGUMENT of an appeal by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 6th day of November, 1925, upon the decision of the court rendered after a trial at the Queens Special Term. (See 221 App. Div. 873.)

*Willard S. Allen* [*John F. O'Brien, Robert J. Culhane, Rollin H. Reid* and *George P. Nicholson, Corporation Counsel*, with him on the brief], for the appellant.

*Charles S. Noyes* [*William S. Pettit* with him on the brief], for the respondent.

On reargument, judgment unanimously affirmed, with costs, on opinion of Mr. Justice LAZANSKY at Special Term.

Present — YOUNG, KAPPER, HAGARTY, SEEGER and CARS-WELL, JJ.

The following is the opinion of the court below:

LAZANSKY, J. The premises involved in this litigation are composed of upland and what was formerly a hassock a few feet from the upland and the land, which now is between the hassock

and the upland and which before it was filled at high tide held several feet of water and at low tide was flat. The hassock and the intervening land will for convenience be termed " the northern part " of the premises. Plaintiff has shown that it acquired title to the premises described in the complaint in 1916 by virtue of a certain deed and has since been in possession. Defendant by failing to deny an allegation of the complaint, admits as a fact that it makes a claim to at least part of these premises. By proving that it acquired title as stated and that it has had possession ever since, plaintiff has made out its case. It was then for the defendant to show a better title. Defendant does not assert title to any of that part of the premises described which had been upland. It does, however, claim that plaintiff has not only failed to prove its title to the upland but also to the " northern part " of the premises. It was not necessary for plaintiff to do more than indicated, although plaintiff claims that it has proved a complete chain of title to the upland and to the " northern part." Defendant claims title to the " northern part " from the State of New York by virtue of recent legislation.* It is conceded by defendant that if the Palmer patent under which plaintiff claims included the " northern part " then defendant has no rights thereto. If, therefore, the Palmer patent included the " northern part " and since plaintiff shows title and possession in the upland as stated and defendant claims no title thereto, then plaintiff is entitled to judgment. The Palmer patent, which is dated the 3d day of November, 1685, confirms an Indian deed of October, 1685. The description in the patent is as follows:

" All the before recited Tract or Parcell of Land Scituate lyeing and being as aforesaid bounded on the East with Hempstead West Pattent Line on the South with the Maine Sea or Ocean to Low Water Marke and on the West with the Gutt or Inlett which makes the Bay or Sound betwixt Jamaica and the said Tract Parcell or Neck of Land and on the Northward with the said Bay or Sound as it Runns East or Easterly untill it Comes unto or meets the Hempstead Line as aforesaid with all and Singular its Rights Members and Appurtenances together with all and all Manner of Messuages Pastures feedings Meadows Marshes Woods Underwoods Wayes ffences Lakes Ponds Creeks Beach or Beaches Rivers Brooks Springs Hunting Hawking Fishing and Fowling and Appurtenaces whatsoever to the said Parcell Tract or Neck of Land and Premissess or to any Parte or Parcell thereof in any wise belonging Adjoyning or Appurtaineing."

The *habendum* clause is as follows:

* See Laws of 1909, chap. 568; Laws of 1912, chap. 522.— [REP.

" To have and to hold said Tract Parcell or Neck of land and Meadow and all and Singular other the Premisses hereby Granted Rattified and Confirmed   *   *   *."

It seems to me, in light of the words of this grant and taking into consideration the general surroundings as they probably were at the time of the grant, the " northern part " was south of Jamaica Bay; in other words, was part of the territory bounded " on the Northward with the said Bay or Sound as it Runns," etc.   (*Bliss* v. *Benedict*, 202 App. Div. 115; affd., 234 N. Y. 596, and cases cited.) There will be no attempt in this case to draw a line which would indicate the northern boundary made by the bay.   It will suffice to hold here that the " northern part " was within that boundary. Furthermore, it seems to me that this " northern part " must be held to be within the express terms of this grant, to wit, " together with all and all Manner of Messuages Pastures feedings Meadows Marshes Woods Underwoods Wayes ffences Lakes Ponds Creeks Beach or Beaches Rivers Brooks Springs," etc.   The proof shows that in 1835, for a considerable distance out from and to the north of the upland, there were marshes which extended beyond the northernmost point of the hassocks.   If these marshes existed at the time of the grant, then, of course, they came within the express terms of the patent.   It is likely that the hassock and the creek, so called by some, between the hassock and the upland, developed out of these marshes by natural processes subsequent to 1835. From the earliest times concerning which there is testimony the low-water line was out beyond the " northern part."   If there were no marshes at the time of the grant then there must have been a beach.   The " northern part " was between the low- and high-water marks.   That beach, if it existed, was included within the terms of the grant.   (*Rockaway Park Imp. Co.* v. *City of New York, No. 2,* 140 App. Div. 160, cited with approval in *Jamieson & Bond Co.* v. *Reynolds,* 174 id. 78.)   It follows that the " northern part " was within the Palmer patent both because it was within the northern boundary and is expressly included within the terms of the grant. Having reached this conclusion it is not necessary to consider the other claims made by the plaintiff.   Plaintiff is entitled to judgment that defendant has no claim to or right in the premises described in the complaint.