THE PEOPLE OF THE STATE OF NEW YORK, Appellant
and Respondent, *v.* JENNIE L. J. STARKE-BELKNAP et al.,
Respondents and Appellants, Impleaded with Others.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant
and Respondent, *v.* THE NEW YORK CENTRAL RAIL-
ROAD COMPANY et al., Respondents and Appellants,
Impleaded with Others.

**Real property — title — academic question — damages —
Court of Appeals will express no opinion as to validity of title
where question has become unimportant — measure of damages
for wrongful use and occupation of lands.**

1. No opinion will be expressed by the Court of Appeals as to the
validity of a claim of title to real property based upon a grant made by
the King of England, where by reason of decisions in other actions
upholding the validity of later patents the validity of the earlier
grant has become unimportant.

2. Upon a claim for the reasonable value of the use and occupation
of lands by defendant railroad company from the time of a former
judgment of ejectment it was error to limit the recovery of damages to
the rental value of the lands as they were before the railroad company
had filled and otherwise improved them. The damages should have
been measured by the rental value of the lands in the condition in
which they have been during the continued possession by the wrong-
doer after the judgment of ejectment.

*People* v. *Starke-Belknap*, 218 App. Div. 849, modified.

*People* v. *New York Central R. R. Co.*, 218 App. Div. 849,
affirmed.

(Argued February 14, 1928; decided March 27, 1928.)

CROSS-APPEALS, by permission, from judgments of the
Appellate Division of the Supreme Court in the second
judicial department, entered December 27, 1926, which
unanimously affirmed judgments entered upon a dismissal
of the complaint by the court on trial at Special Term
but awarding damages to defendant Starke-Belknap

## 458 PEOPLE v. STARKE-BELKNAP.

against defendant New York Central Railroad Company upon her claims for affirmative relief.

*Albert Ottinger,* Attorney-General (*Eugene L. Brisach* and *Anson Getman* of counsel), for plaintiff, appellant and respondent.

*Talbot M. Malcolm* and *Earl A. Darr* for Jennie L. J. Starke-Belknap, respondent and appellant.

*George H. Walker, Frederick L. Wheeler* and *Alex S. Lyman* for New York Central Railroad Company, respondent and appellant.

*Per Curiam.* Three appeals are before us: an appeal by the People in both actions from the judgments dismissing the complaints; an appeal in both actions by the defendant, the New York Central Railroad Company, from the judgments dismissing its claim for relief against its co-defendant, Starke-Belknap; an appeal in action No. 1 by the defendant Starke-Belknap from the judgment whereby her claim for damages against her co-defendant, the New York Central Railroad Company, was limited to the rental value of her lands unfilled and unimproved.

As to the first of these appeals, the People concede that judgments rendered by this court since the actions were begun, forbid the annulment of the patents granted to the defendants under a resolution of the Commissioners of the Land Office acting as the representatives of the State (*Matter of Benedict* v. *Lunn,* 244 N. Y. 373; *Matter of City of N. Y.* (*Upper N. Y. Bay*) 246 N. Y. 1). We are asked, however, to express an opinion upon the validity of the claim of title made by the defendant Starke-Belknap as against the People of the State by virtue of a grant made by the King of England to the predecessors in title of that defendant in 1697. This we may not do. The claim of title under that grant would be material only if the later patents were annulled. The

later patents standing, the earlier grant is unimportant, so far as it has relation to any interest of the State. Its validity has already been adjudged as between the two defendants (*Starke-Belknap* v. *N. Y. C. R. R. Co.*, 197 App. Div. 249; affd., 234 N. Y. 630).

As to the second of the appeals, the railroad company is concluded by the bar of a former judgment (*Starke-Belknap* v. *N. Y. C. R. R. Co.*, *supra*).

As to the third of the appeals, which is confined to action No. 1, the defendant Starke-Belknap was erroneously limited in her recovery of damages to the rental value of the lands as they were before the railroad company had filled and otherwise improved them. The damages should have been measured by the rental value of the lands in the condition in which they have been during the continued possession by the wrongdoer after the judgment of ejectment.

In action No. 1, the judgment of the Appellate Division and that of the Special Term should be modified by directing a reassessment of the damages upon the claim of the defendant Starke-Belknap against the defendant railroad company, and as modified affirmed, with costs to both defendants against the plaintiff, and with costs to the defendant Starke-Belknap against her co-defendant.

In action No. 2, the judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.