THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* TOMPKINS-KIEL MARBLE COMPANY, Defendant.

Supreme Court, Kings County, November 4, 1932.

*John J. Bennett, Jr., Attorney-General,* for the plaintiff.

*Katz & Sommerich,* for the defendant.

STEINBRINK, J. This is a motion to dismiss the first cause of action pleaded in the complaint on the ground that it is insufficient as a matter of law, and upon the further ground that it is barred by the Statute of Limitations. In this cause of action it is alleged

in substance that on October 17, 1854, the State of New York issued to one Brooks letters patent covering certain land under water situated in Queens county; that the said grant, made solely for the purpose of promoting the commerce of the State, was subject to the conditions that the grantee or his assigns "must within five years of the date of the grant actually appropriate the premises described in said grant to the purposes of commerce; fill in the land; and the grant shall cease, determine and be void upon a non-compliance of these conditions;" that the grantee failed to carry out the said conditions, and completely abandoned the premises; and that by a series of mesne conveyances title to the adjacent upland passed to the defendant Tompkins-Kiel Marble Company, which company claims or may claim a right or interest in the lands under water described in the aforesaid grant.

Upon the basis of these allegations, the State asks that the letters patent be declared null and void, and that the defendant Tompkins-Kiel Marble Company be barred and foreclosed from all right, title and interest in and to the land under water therein described. It is argued on behalf of the State that the maintenance of this action is not barred by the Statute of Limitations, for the reason that the original patentee and his successors have never taken possession of the land under water or asserted as against the State any claim thereto. This argument would be sound if the patent constituted a mere franchise which became void and of no effect upon non-compliance with the conditions imposed. But Brooks, the patentee, became vested with more than a mere franchise. He acquired under the patent the full fee to the land under water, subject to the right of re-entry in the State for condition broken. In *Matter of City of New York (Upper New York Bay)* (246 N. Y. 1, at p. 22) the court, in discussing grants similar to the one now under consideration, stated: " Some of these grants, as above stated, were made on condition that the grantee would build docks, fill in the land and construct piers within a certain number of stated years; otherwise, the grants were to be void. The State alone could enforce these conditions; the fee title remained in the grantee until divested by action of the State. (*Matter of Benedict* v. *Lunn*, 244 N. Y. 373.) * * * The State can only claim the right to vacate the patent for breach of condition subsequent, and then only in a direct action or proceeding for that purpose. (*Archibald* v. *N. Y. C. & H. R. R. R. Co.*, 157 N. Y. 574, 581.)"

Accepting as true the allegations of the complaint that the conditions were broken, the right of the State to institute proceedings for the annulment of the patent accrued five years after

it has been issued and more than forty years prior to the commencement of this action. The original patentee having acquired a title under which he and his successors claimed ownership, their continued possession of the premises is presumed (Civ. Prac. Act, § 35), and adverse possession for a period of forty years need not be established to render the title indefeasible.

For the purpose of this motion, the statement in paragraph twelfth of the complaint that the grantee completely abandoned his grant and all his right, title and interest thereto is disregarded as a mere conclusion which does not find factual support in the allegations set forth in the preceding paragraphs. Paragraphs eighth to eleventh, inclusive, relate to non-compliance with conditions contained in the grant which are claimed to have occurred within five years of the issue of the letters patent. Under the circumstances, a breach of condition is not tantamount to an abandonment. I, therefore, conclude that this action is barred by the provisions of section 31 of the Civil Practice Act. This determination renders unnecessary a decision on the legal sufficiency of the first cause of action. Submit order.