Elizabeth Mayo and Another, Respondents, *v.* The New York Central Railroad Company, Appellant, Impleaded with Carrie Sherwood, 2d, and Others, Defendants. (Action No. 1.)

Elizabeth Mayo and Another, Respondents, *v.* The New York Central Railroad Company, Appellant. (Action No. 2.)

Second Department, December 30, 1932.

*Kenneth O. Mott-Smith* [*William B. Ewing* and *Clarence B. Plantz*, in action No. 1; *Frederick L. Wheeler* and *Clive C. Handy*, in action No. 2, with him on the brief], for the appellant.

*Talbot M. Malcolm*, for the respondents.

Tompkins, J. The premises involved in these actions are all lands on the east side of the Hudson river in the town of Cortlandt, Westchester county, and were originally under water, some of which were filled in by the defendant before the commencement of these actions. The plaintiffs claim title to the lands under water adjacent to their uplands, as successors to Stephanus Van Cortlandt, to whom a land patent was granted by King William III, of Eng-

land, in the year 1697. This patent included " all the Meadows Marshes Coves Bays and necks of Land and pennensulaes that are adjoining or Extending into Hudsons River."

Defendant The New York Central Railroad Company claims title by virtue of grants by the people of the State of New York, of lands under water, one made in 1873 and another in 1915.

In *Starke-Belknap* v. *New York Central Railroad Co.* (197 App. Div. 249; affd., 234 N. Y. 630) it was held that lands under water adjoining some of the parcels in question herein, and of a similar character, claimed in that action to be owned by the railroad company under State grants, were included in the said grant by the English Crown to Stephanus Van Cortlandt, and that the State of New York never had title to said lands and that its grants to defendant New York Central Railroad Company were invalid. The trial court applied that rule to the cases at bar and also held that the plaintiffs are the owners of the uplands adjacent to the parcels in question, which parcels are within coves, bays and necks of land and were included in the Van Cortlandt grant, and that plaintiffs' title is paramount to the claims of the defendant New York Central Railroad Company under the State grants.

In action No. 1, which was brought under section 500 of the Real Property Law to determine a claim to real property, the trial court gave plaintiffs judgment, adjudging them to be the owners in fee simple of parcels described in that action as Nos. 1 and 2; and in action No. 2, which was in ejectment, it was adjudged that the plaintiffs are the owners in fee simple of parcels Nos. 1, 2, 3 and 4, and entitled to the immediate possession thereof, and damages for the unlawful possession by defendant railroad company, but inasmuch as said defendant had made improvements thereon, the value of which equalled the damages to which plaintiffs would have been entitled by reason of defendant's unlawful possession, plaintiffs were awarded six cents damages.

We agree with the findings of the trial court respecting the record title of the plaintiffs and their predecessors to the uplands and the adjacent parcels under water, which are the subjects of these actions, and as to the invalidity of the railroad company's grants by the State. The defendant New York Central Railroad Company, however, claims that plaintiffs are estopped from denying said defendant's title to parcels Nos. 1, 2 and 3 in action No. 2, by reason of a deed made by plaintiffs' predecessor, Morton, to defendant's predecessor, The New York Central and Hudson River Railroad Company, on June 2, 1910, which deed recites that the land conveyed thereby begins " at a point in the southwesterly exterior line of land under the waters of the Hudson River granted

by the People of the State of New York, to the New York Central and Hudson River Railroad Company, by Letters Patent dated December 26, 1873," and in another portion of the deed it is stated: " Excepting therefrom that portion thereof granted by the People of the State of New York, to said Railroad Company by the Letters Patent aforesaid." It is conceded that the parcels thus excepted are parcels 1, 2 and 3 in action No. 2, and it is the claim of the defendant that the plaintiffs' predecessor, Morton, by this conveyance, acknowledged the validity of the railroad company's title to these lands under water by virtue of the grant by the State, and that plaintiffs are, therefore, estopped from now denying said defendant's title.

We think that the elements of an equitable estoppel are not present. To establish an estoppel, there must be more than a mutual mistake. Undoubtedly, Morton and the railroad company believed that the State grants were good, and it was not known that the State was never vested with title to these lands under water until the decision by the Court of Appeals in the *Starke-Belknap Case* (*supra*) in the year 1923.

The railroad company received by the deed from Morton just what it intended to obtain from him, and the mistake was not induced by, nor was it the result of, any intentional act or any misrepresentation or concealment on the part of Morton. There was nothing in the conduct of Morton to induce the railroad company to act thereon to its prejudice; there was nothing done or said by Morton to mislead the railroad company. The parties were mutually mistaken as to the railroad company's title to these parcels under water, and that fact does not estop the plaintiffs from now asserting their title under the decision in the *Starke-Belknap* case.

It follows, therefore, that the judgments should be affirmed, with costs.

Present — LAZANSKY, P. J., KAPPER, CARSWELL, TOMPKINS and DAVIS, JJ.

Judgments unanimously affirmed, with costs.