THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. TOMPKINS-KIEL MARBLE COMPANY, Respondent, and Others, Defendants.— Order granting respondent's motion to dismiss the first cause of action set forth in the amended complaint affirmed, with ten dollars costs and disbursements, with leave to rspondent to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur. [148 Misc. 559.]

ANNA ZIMMERMAN, Appellant, v. EDWARD P. MULROONEY and Others, Individually and as Members of the New York State Alcoholic Beverage Control Board, and Others, Respondents.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion for injunction *pendente lite* granted, with ten dollars costs. The plaintiff made due application for a license to sell liquor at retail on her premises at 86 Williams street, city of Newburgh, paying therefor the prescribed sum, which was received and accepted, and giving the bond required. A license in due form was issued to her, and at considerable expense she equipped her store and commenced doing business. Eighteen days later an individual member of the county alcoholic beverage control board came into the store, obtained possession of the license, and took it away without explanation of his act, threatening her with arrest if she continued to engage in the sale of liquors. She brought this action to restrain the defendants from interfering with her business and sought a temporary injunction pending the determination of the action. The answering affidavits on this motion merely state that the license was issued through error and by inadvertence. No tender of the fee paid by plaintiff has been made. The license was valid on its face and the plaintiff was authorized to do business thereunder until such license was properly revoked. No summary power is given to the State Alcoholic Beverage Control Board to recapture or revoke licenses, whether the same have been issued through error of its own or for any other cause. Before the plaintiff can be deprived of her money, property and rights, she is entitled to be heard before some tribunal concerning the validity of the license issued to her. The acts of the individual who summarily recaptured the license and of the State Board in its apparent authorization of that act and the position it takes in defense of this motion, were arbitrary and without warrant of law. Young, Kapper, Hagarty, Carswell and Davis, JJ., concur.

ANNA BOGART and Others, Appellants, v. CATHERINE SCHICK and Others, Respondents.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

RALPH W. BROWN, as Executor, etc., of CAROLINE E. BROWN, Deceased, Substituted in place of CAROLINE E. BROWN, and RALPH W. BROWN, Respondents, v. PAUL MARTIN, Appellant. (Action No. 1.) — Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

CHARLES J. M. CHRISTENSEN, Appellant, v. NICHOLAS N. PETTERSON and Another, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.