In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of SCHURZ (HARDING) AVENUE, in the Borough of The Bronx. HERBERT H. SONN et al., as Executors and Trustees under the Will of CELIA S. MEINHARD, Deceased, et al., Appellants.

First Department, May 15, 1951.

*Joseph V. McKee* of counsel (*John C. O'Malley* with him on the brief; *Joseph V. McKee,* attorney), for appellants.

*Benjamin Offner* of counsel (*Harry E. O'Donnell* and *Reuben Levy* with him on the brief; *John P. McGrath, Corporation Counsel*), for respondent.

*Per Curiam.* A grant of land by a sovereign to a private individual which includes within its territorial boundaries a stream of water subject to the ebb and flow of the tide does not, in the absence of evidence indicating a contrary intent, carry with it title to the bed of such stream. This would be so even though the stream is not referred to as a boundary in the description contained in the grant. That principle would seem to be applicable to the Dutch grant of 1643 to Throckmorton and thus we find that the bed of Baxter's Creek was reserved to the Crown. Baxter's Creek, however, flowed within reasonably well-defined courses and it was the creek as it flowed in its channel that was reserved.

The grant herein was of all land within the boundaries designated. It intended to include all land which might be cultivated or used for like purposes. The damage parcels involved, except a small portion of parcels 6 and 10, consist of salt meadows and sedge flats which only at extreme flood tides were under water and then only to the extent of a few inches. By no reasonable intendment could those meadows and flats be said to be reserved by the sovereign as part of the stream.

We, therefore, hold that title to the land west of the lines of Baxter's Creek, as it flowed in its channel, and which is included in the damage parcels, passed to and is now in the claimants.

We further hold that the conveyance from Hermans to Hunt, confirmed by the English grants of 1667 and 1686, which fixed Baxter's Creek as the eastern boundary similarly extended to the west bank of said creek. The confirmatory English grants did not operate to enlarge or to diminish the original grant by the Dutch Governor.

The Nicolls confirmatory patent to Hunt preceded the patent to Quinbe and thus the Town of Westchester and its successor

the City of New York received nothing that had been previously granted to Hunt. Neither *Bliss* v. *Benedict* (202 App. Div. 115, affd. 234 N. Y. 596) nor *Matter of City of New York (Lafayette Ave.)* (259 App. Div. 987) appears to be controlling on the questions presented in this case.

The judgment below should be accordingly reversed and the proceedings remitted to the Special Term for disposition in accordance with the foregoing determination.

Settle order which shall designate by number the damage parcels which are remitted for further consideration and disposition.

PECK, P. J., GLENNON, COHN, CALLAHAN and SHIENTAG, JJ., concur.

Judgment unanimously reversed and the proceedings remitted to the Special Term for disposition in accordance with the opinion herein. Settle order on notice which shall designate by number the damage parcels which are remitted for further consideration and disposition. [See *post,* p. 927.]