### NILLSON v. LAWRENCE et al.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

1. TENANCY IN COMMON (§ 55*)—ACTIONS—COMPLAINT—PROOF.

   A complaint, in an action by an owner of an undivided half interest in a play, which alleges that defendants, two individuals and three corporations, have without plaintiff's consent assumed to exercise ownership of the play, and have caused it to be produced, and have refused to pay over any part of the profits, and which prays for an injunction and an accounting, is not supported by proof of separate acts of appropriation by the several defendants separately.

   [Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 55.*]

2. TENANCY IN COMMON (§ 38*)—COMPLAINT.

   The complaint does not state a cause of action, because it fails to state facts showing that defendants' use of the play was unlawful, for they may have acted under the authority of the co-owner.

   [Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 38.*]

3. TENANCY IN COMMON (§ 21*)—OWNERSHIP—PROPERTY.

   One tenant in common of a play and of the rights of production and revenues therefrom has as good a right to use the play, or to license third persons to use it, as has the cotenant; and neither may come into equity and assert a superior right, unless created by some contract modifying the rights of the tenants in common as such.

   [Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 21.*]

4. TENANCY IN COMMON (§ 55*)—ACTIONS—PARTIES.

   An owner of an undivided half interest in a play, including the rights of production and revenues therefrom, who sues another for the unlawful production of the play, must make the co-owner a party.

   [Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 55.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Carlotta Nillson against Walter N. Lawrence and others. From an order overruling demurrer to the complaint, defendant the American Play Company appeals. Reversed, with leave to plaintiff to amend the complaint.

See, also, 132 N. Y. Supp. 664.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Melville H. Cane, for appellant.

B. G. Oppenheim, for respondent.

SCOTT, J. The complaint alleges that plaintiff was in August, 1905, and still is, the owner of an undivided one-half interest in a certain play and the manuscript thereof, including all rights of production and revenue therefrom; that such play and manuscript and right of production constitute valuable property rights, the privilege and license to produce said play being much sought after by managers, play brokers, and theatrical agents; that the defendants (being two individuals and three corporations) at various times since August, 1905, without plaintiff's consent and against her wishes, have continuously assumed to exercise ownership of said rights of plaintiff in and to and respecting said play, its production, license, and revenue, and have on divers dates and at different places caused said play to be produced, and have reaped large profits therefrom, and have refused to pay over any part thereof to plaintiff, and that defendants' acts have been unlawful and in contravention of plaintiff's rights. She asks an injunction and an accounting. The demurrer states three grounds, to wit, that there is a misjoinder of causes of action, that there is a defect of parties plaintiff, and that the complaint states no cause of action.

[1] So far as concerns the objection that there is a misjoinder of causes of action, that question has already been before us on appeal from an order denying a motion to compel plaintiff to separately state her causes of action; the defendant's claim being that plaintiff was attempting to intermingle a number of unrelated and independent causes of action based upon separate acts of the several defendants. That may be what the plaintiff seeks, but it is not what her complaint says. As was remarked by the learned justice at Special Term, who heard the motion to separately state the causes of action:

"The complaint sets forth a single cause of action for equitable relief, founded upon the *joint* acts of the defendants in appropriating plaintiff's proprietary rights in a dramatic composition."

The complaint does not allege separate acts of appropriation committed by the several defendants separately, and proof of such acts would not tend to establish the facts as pleaded. On other grounds, however, the demurrer must be sustained.

[2] The plaintiff does not claim to be the sole owner of the play and the rights of production. According to her complaint she is the owner of only a one-half interest. This necessarily implies that there is in existence a co-owner or co-owners. Her allegation that the

production of the play by defendants is "unlawful" is, of course, merely her own conclusion, and is not the allegation of a fact. The complaint fails to point out wherein the defendant's acts are unlawful. That they produced the play without plaintiff's consent and against her objection is not sufficient, for non constat they may have acted by authority of her co-owner or co-owners, or, indeed, they or some of them may themselves be co-owners.

[3] It is settled that, with regard to property of this nature, one tenant in common has as good a right to use it, or to license third persons to use it, as has the other tenant in common, and neither can come into a court of equity and assert a superior right, unless it has been created by some contract modifying the rights which belong to the tenants in common as such. De Witt v. Elmira Nobles Mfg. Co., 66 N. Y. 459, 23 Am. Rep. 73; Clum v. Brewer, 2 Curt. 506, Fed. Cas. No. 2,909. The complaint, as it is drawn, fails to state facts showing that defendants' use of the play is unlawful.

[4] We are also of opinion that plaintiff's co-owner or co-owners should be made parties to the action. It is plain upon the face of the complaint that a complete determination of the controversy cannot be had in their absence.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to overrule the demurrer, denied, with $10 costs, with leave to plaintiff to amend her complaint within 20 days upon payment of costs in this court and at Special Term.

INGRAHAM, P. J., and LAUGHLIN and MILLER, JJ., concur. CLARKE, J., concurs solely upon the ground that the complaint does not state facts sufficient to constitute a cause of action.