EMANUEL DAVID, Respondent, *v.* CITY NATIONAL SECURITIES COMPANY, Appellant.

First Department, November 3, 1916.

Pleading — complaint — demurrer — allegation of due performance as permitted by section 533 of Code of Civil Procedure — failure to allege that contingencies which will relieve the defendant from liability have not happened — when no defect of parties — receiver appointed by foreign court.

Appeal from an order overruling a demurrer to the complaint taken upon the grounds that it did not state facts constituting a cause of action and that there was a defect of parties defendant. The complaint in substance alleged that after a partnership doing business in Germany had been adjudged a bankrupt by the German court and a receiver of its foreign assets appointed, the creditors of a New York corporation bearing the same name filed a petition in involuntary bankruptcy against it in the Federal courts; that pending the latter proceeding an offer for settlement was made by the German firm to its creditors by the terms of which, if the firm and the corporation were released from all claims by European creditors including those in England and France, the firm would turn over to the foreign creditors its foreign assets and in addition would cause the corporation to pay to the European creditors a certain percentage of their claims in cash and a certain percentage of the balance to be secured by the deposit of the stock of the corporation. It was further alleged that the foreign partnership entered into a written agreement with the present defendant, the securities company, whereby the corporation assigned to the defendant certain outstanding accounts which the defendant was to collect and pay a percentage of the proceeds to the foreign creditors of the firm, but only on condition that

the composition in the foreign bankruptcy should be accepted by the required number of creditors to obtain the approval of the German court. By its express terms the agreement was to terminate if the foreign composition was not confirmed by the foreign court, in which case the assigned accounts should be reassigned to the corporation, but the agreement was not to terminate, *first*, if the offer of composition be withdrawn or, *second*, if the composition in bankruptcy was not prosecuted by proper and diligent steps.

The complaint further alleged that the corporation and the German firm "duly" performed all the conditions of the agreement on their part to be performed, but that the offer of settlement made to the creditors of the firm was not accepted and was not confirmed by the German court within the time required, and that in any event the German court had no jurisdiction to make the composition binding upon English and French creditors.

*Held*, that the complaint was sufficient in alleging that the corporation and the German firm "duly" performed the conditions of the agreement upon their part to be performed, as permitted by section 533 of the Code of Civil Procedure, and that it was not necessary for the plaintiff to allege that the agreement was not terminated although the composition had not been confirmed because the offer was withdrawn by the foreign firm, or because the members thereof did not take proper and diligent steps to bring about the composition.

It was not necessary for the plaintiff to show that the exceptions of the agreement do not apply, that being for the person claiming the benefit of such clause to plead and prove, for in an action on a contract which on its face refers to a contingency on the happening of which the defendant would be discharged from liability, the plaintiff need not aver that the contingency has not happened, but if the defendant relies on it for a defense he must allege and prove that it did happen.

*Held, further*, that there was not a defect of parties defendant because the foreign receiver in bankruptcy, who was entitled to receive the proceeds of the assigned accounts from the defendant should the offer of composition be withdrawn or be not properly prosecuted, was not made a party to the action, for if the allegation of the complaint be true, as is assumed upon demurrer, the plaintiff had no relation with the foreign receiver, who must apply for leave to intervene if he makes an adverse claim.

APPEAL by the defendant, City National Securities Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of December, 1915.

*Clayton J. Heermance*, for the appellant.

*Harold Nathan*, for the respondent.

McLAUGHLIN, J.:

This appeal is from an order overruling a demurrer to the complaint. The demurrer was on the ground (a) that the complaint did not state facts sufficient to constitute a cause of action; and (b) that there was a defect of parties defendant.

The complaint alleged, in substance, that in 1914 a copartnership was engaged in business at Leipzig, Germany, under the name of Simon Herzig & Sons Company; that at the same time there was a domestic corporation by the same name engaged in business in the city of New York; that bankruptcy proceedings were instituted against the Leipzig firm in the German courts, and it was adjudicated a bankrupt and a receiver of its assets in Germany appointed; that certain creditors of the firm who alleged they were also creditors of the corporation filed a petition in involuntary bankruptcy against the corporation in the United States District Court for the Southern District of New York; that while the bankruptcy proceeding was pending against the corporation, an offer of settlement was made by the German firm to its creditors, the terms of which were, in substance, that if the firm and the corporation were released from all claims of their European creditors, including those residing in England, France and Germany, the members of the firm would turn over to the European creditors all their assets in Leipzig and Paris and in addition would cause the corporation to pay to the European creditors of the Leipzig firm five per cent of their claims in cash, and would further pay two and one-half per cent on December 31, 1915, and two and one-half per cent on June 30, 1916 — the last two payments to be secured by the deposit of stock of the corporation.

The complaint further alleged that the German law provides for a compulsory composition in bankruptcy, if agreed to by a majority in number and three-fourths in amount of the creditors, and such composition, when confirmed by the court, is made binding upon the non-assenting creditors; that some of the creditors of the corporation prepared to defend the bankruptcy proceeding which had been instituted against it and thereupon the petitioning creditors agreed to consent to the dismissal of the petition if the corporation would deposit with

First Department, November, 1916.    [Vol. 174.

the defendant certain accounts to secure the payment of the five per cent cash dividend, in the event of the acceptance of the offer of settlement by the European creditors of the Leipzig firm; that on September 17, 1914, a written agreement was entered into between the corporation and the defendant, a copy of which is annexed to and made a part of the complaint; that by this agreement the corporation assigned to the defendant certain outstanding accounts and it was agreed that upon defendant's collecting a sum sufficient to pay the European creditors five per cent of their claims the same should be forwarded to the Leipzig creditors' committee, but only on condition that a composition in bankruptcy should have been accepted by the requisite number, in number and amount, of the European creditors of said firm to effect the release of the claims of all European creditors, and that the composition should have been approved by the German court.

The 6th paragraph of the agreement provided that it should " terminate upon September 1st, 1915, provided that the aforesaid composition shall not have been confirmed by the Konkurs-Gericht at Leipzig before said date, and, in such event, said outstanding accounts or the proceeds thereof or any merchandise held by City National Securities Company hereunder shall forthwith be returned to Simon Herzig & Sons Company, Inc., except that this agreement shall not terminate as aforesaid if for any reason the aforesaid offer of composition to the European creditors of the firm of Simon Herzig & Sons Company is withdrawn by members of said firm before August 1st, 1915, or if the members of said firm shall not take proper and diligent steps to bring said composition * * * before the said Konkurs-Gericht for action by the creditors and said Court. Should said offer be withdrawn as aforesaid, or should said firm not take proper and diligent steps as aforesaid, then the aforesaid outstanding accounts and any and all proceeds thereof shall be held by the City National Securities Company as trustee, to be paid by it to Dr. Zeiger, the Receiver of the firm of Simon Herzig & Sons Company at Leipzig, in full satisfaction of any and all claims of said Receiver against Simon Herzig & Sons Company, Inc., and said City National Securities Company is hereby author-

ized, upon the happening of either of said events, to pay over said trust property to said Receiver or his successor, upon a proper receipt in full as aforesaid."

The complaint further alleges that the corporation and the German firm duly performed all the conditions of the agreement on their part to be performed; that the offer of settlement made to the creditors of the firm was not accepted; that the proposed composition was not confirmed by the German court before September 1, 1915; that in addition to its indebtedness to German creditors the firm owed large sums of money to creditors residing in France and England, and such French and English creditors did not accept such offer of settlement; on the contrary, rejected it; that the German court had no jurisdiction to make the composition binding upon them and by reason thereof the offer of settlement, to secure the performance of which the accounts were assigned to defendant, was at no time accepted and could not have been effected through a compulsory composition; that defendant has collected $16,000 from the outstanding accounts and holds some of them which have not been collected; that these accounts and the amount collected have been duly assigned to the plaintiff; that he has demanded that defendant pay over the amount collected and retransfer the accounts which have not been collected; that the demand was not complied with and thereupon this action was brought to procure a judgment directing such payment and reassignment.

The real point of the first ground of the demurrer is that the agreement, as provided in that portion of it above quoted, was not terminated on September 1, 1915, even though the proposed composition had not been confirmed, if the offer of composition were withdrawn by the members of the Leipzig firm before August 1, 1915; or if the members of the firm did not take proper and diligent steps to bring the composition before the German court for action; that these provisions are in the nature of conditions precedent and that the allegations that the corporation and the members of the firm "duly" performed the conditions of the contract on their part to be performed is not a sufficient allegation, since section 533 of the Code of Civil Procedure does not apply to conditions to be performed by persons not party or privy to the action.

The respondent contends that these exceptions are not in the nature of conditions precedent and it is not for the plaintiff to allege or prove that they did not become operative; on the contrary, it is for the defendant to allege that fact and prove it at the trial.

I can see no reason why these exceptions should be regarded as in the nature of conditions precedent. The agreement provides that it shall terminate on September 1, 1915, provided that the composition shall not have been confirmed by the German court before that date, and in such event the outstanding accounts shall be reassigned and the amount collected paid to the corporation. The agreement then provides, in the paragraph quoted, that it is not to terminate as therein provided under two conditions: (1) If the offer of composition be withdrawn, and (2) if the composition in bankruptcy be not prosecuted by proper and diligent steps.

It is argued by the appellant that there are no allegations in the complaint that such an offer was made, or that it was withdrawn, or that the members of the Leipzig firm took proper and diligent steps to effect the compulsory composition in bankruptcy.

I am of the opinion that the general allegation in paragraph 13 of the complaint that the corporation and the German firm duly performed all of the conditions of the agreement upon their part to be performed, is sufficient to set forth a cause of action. The general rule is that where a cause of action, defense or counterclaim is founded upon a liability which would exist unless it falls within the scope of some exception clause in the contract between the parties, it is not necessary for the pleader to show that the exception does not apply; on the contrary, it is for the person claiming the benefit of such clause to plead and prove it. The rule is tersely stated in Cyclopedia of Law and Procedure (Vol. 9, p. 727) as follows: "In an action on a contract which on its face refers to a contingency, on the happening of which the defendant should be discharged from liability, the plaintiff need not aver that the contingency has not happened, but if the defendant relied on it as a defense he must allege and prove that it did happen."

In *Molloy* v. *Village of Briarcliff Manor* (217 N. Y. 577) it

was held that a party seeking to recover on a contract valid on its face is not required to show that he has not been guilty of such a violation of some general statute as would bar a recovery, but the defendant claiming such violation must plead the same as an affirmative defense.

That case cited with approval *Rowell* v. *Janvrin* (151 N. Y. 60) and *Harris* v. *White* (81 id. 532). In the *Rowell* case, Judge O'BRIEN, speaking for a unanimous court, said: "But where there is a clause for the benefit of the pleader, and afterwards follows a proviso which is against him, he may plead the clause and leave it to his adversary to show the proviso."

This rule of pleading has been applied in numerous cases. Thus in an action upon an accident insurance policy providing that an insurance company is not to be liable if death is brought about by suicide, it is not necessary for the plaintiff to allege or prove that the insured did not commit suicide. This is a matter to be set up by the defendant. (*Williams* v. *U. S. Mutual Accident Assn.*, 82 Hun, 268; affd., 147 N. Y. 693; *Wood & Selick* v. *Ball*, 190 id. 218.)

Applying the rule laid down in these authorities and many others which might be cited, it follows it is not incumbent upon the plaintiff to allege and prove that the exceptions mentioned in the 6th paragraph of the agreement did not become operative, and for that reason the general allegation that the plaintiff's assignor duly performed all the conditions of said agreement on its part to be performed is sufficient.

I am also of the opinion that the court properly disposed of the other ground of the demurrer. There is not a defect of parties defendant. If the allegations of the complaint be true then plaintiff is entitled to judgment. The plaintiff has nothing to do with Dr. Zeiger. If he makes an adverse claim he may apply for leave to intervene, or defendant may move to bring him in, but he certainly cannot be said to be a necessary party upon the facts alleged, for he has, so far as appears, no interest in the subject-matter of the action. The demurrer admits that the composition was not accepted and approved by the German court. If it had been, then the moneys should have been forwarded to the creditors' committee. The money

was to go to Dr. Zeiger only in the event that the offer of composition was withdrawn by the firm before August 1, 1915, or that the members of the firm failed to take proper and diligent steps to bring the composition before the German court.

As the pleadings now stand there is no allegation that the offer was withdrawn, or that the firm did not take such steps as were proper and diligent to bring the composition before the court. There is, however, an allegation that the proposed composition was rejected by the French and English creditors, and because of such rejection the German court had no jurisdiction to make the composition binding upon all the European creditors, as contemplated by the offer of settlement. These facts being admitted by the demurrer, it follows that Dr. Zeiger is not a necessary party.

The order appealed from, therefore, should be affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw the demurrer and to answer on payment of costs in this court and in the court below.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of costs.