ARONA HOLDING CORPORATION, Plaintiff, v. WILLIAM C. FRASER, Defendant.

Supreme Court, New York Special Term, April 25, 1925.

**Partnership — action for accounting — partner cannot sue his copartner at law on transaction involving copartnership — copartners having lease deemed cotenants in management of property — assignee of partner's share of rents entitled to accounting from partner collecting rents.**

A partner cannot sue his copartner at law on any transaction involving partnership business; his remedy is in equity.

Accordingly, plaintiff, an assignee of defendant's copartner, is entitled to an accounting of one-half the rents of the property managed by the defendant and plaintiff's assignor and from which said defendant collected all the rents, since, as assignee, plaintiff is a tenant in common with the defendant, taking the undivided share of the assignor subject to all the rights of the defendant.

ACTION for an accounting of rents.

*Lind & Marks* [*Norman L. Marks* of counsel], for the plaintiff.

*David G. Godwin* and *Raymond C. Thompson*, for the defendant.

INGRAHAM, J.:

Plaintiff in this action seeks to obtain from the defendant an accounting of one-half the rents of premises Nos. 71 to 79 West Forty-fifth street, borough of Manhattan. On or about January 13, 1920, the Broadway Savings Institution leased the above premises to the defendant and David C. Godwin. The latter subsequently assigned his share of the rents, and the plaintiff is now the assignee of Godwin's interest. Notice of the assignment of the rents to the plaintiff was duly recorded in the office of the register of New York county and notice given by the plaintiff to the defendant. Defendant has collected all the rents from the premises. Plaintiff offered testimony on the trial that loans aggregating some $20,000 were made by it to Godwin directly or through corporations in which he was principally interested, and conceded that over $8,000 has been repaid on the loans, and asks for an accounting as to the balance. There was also testimony at the trial by the president of the plaintiff corporation that the assignment was given as security for all the loans, which defendant's witness attempted to explain by saying that several corporations were interested in the loans.

There can be no doubt that plaintiff is entitled to the relief sought. Defendant and Godwin were copartners and cotenants in the management of the property in question. The plaintiff is the

assignee of Godwin's interest. A partner cannot sue his copartner at law with respect to partnership transactions; his remedy lies in equity. (*Levy* v. *Goldstein,* 192 N. Y. Supp. 324; *Hollister* v. *Simonson,* 36 App. Div. 63; *Dalury* v. *Rezinas,* 183 id. 456; affd., 229 N. Y. 513.) Plaintiff, as the assignee of Godwin, becomes, as to the interest of its assignor, a tenant in common with the defendant partner, taking only the undivided share of the assignor, subject to all the rights of the other partner and to the account to be taken between them. Plaintiff is accordingly entitled to the accounting which it seeks.

Submit, on notice, appropriate findings of fact and conclusions of law, in accordance with the foregoing opinion.