NEW YORK FOUNDATION, Respondent, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

(Argued March 23, 1932; decided April 26, 1932.)

*John J. Bennett, Jr.*, Attorney-General (*Arthur J. Stern* and *Hugh Reilly* of counsel), for appellant. When the conditions precedent are complied with, and only then, does the grantee acquire any rights of a permanent character under the grant. (*Trustees of Southampton* v. *Jessup*, 102 N. Y. 122; *First Construction Co.* v. *State*, 221 N. Y. 295; *New York Electric Line Co.* v. *Empire City Subway Co.*, 235 U. S. 179.) The performance of the conditions precedent was necessary, and the complaint was fatally defective in failing to allege the performance of the conditions precedent by the plaintiff or its predecessors in title. (*Rochester Ry. Co.* v. *Robinson*, 133 N. Y. 242; *Clark* v. *West*, 193 N. Y. 349; *Eppley* v. *Kennedy*, 198 N. Y. 348; *Coatsworth* v. *Lehigh Valley R. R. Co.*, 156 N. Y. 451; *Sultan of Turkey* v. *Tiryakian*, 213 N. Y. 428.)

*Charles J. Nehrbas* for respondent. It was neither necessary nor proper for plaintiff to allege compliance with the condition contained in the grant. (*Best Renting Co.* v. *City of New York*, 248 N. Y. 491; *Dunkum* v. *Maceck Bldg. Corp.*, 227 App. Div. 230.) The grant conveyed the fee with condition subsequent. (*Matter of City of New York* [*Upper New York Bay*], 246 N. Y. 1; *People* v. *Wainwright*, 237 N. Y. 407.)

HUBBS, J. This action was brought by the New York Foundation, a domestic corporation, against the State to compel the determination of a claim to real property pursuant to article XV, sections 500–512, of the Real Property Law (Cons. Laws, ch. 50). The relief asked is that the defendant and each and every person

claiming under it be forever barred from any claim to any estate or interest in the real property described in the complaint.

The complaint contains all the allegations required by section 501 of the act in question; it includes allegations to the effect that the plaintiff is the owner in fee simple of the land; that it had been in its possession for one year next preceding the commencement of the action, and that the plaintiff acquired the same under the last will and testament of Lionel T. Salomon. As required by subdivision 3 of that section, it sets forth that the property was granted to Edward Bridge, the plaintiff's predecessor in title, by the Commissioners of the Land Office by letters patent; that the patent contained certain conditions and reservations and that a copy of the patent is annexed to the complaint. The patent reads in part as follows: " * * * pursuant to a resolution of the Commissoners of our Land Office, *for the purpose of promoting the commerce of our said State, and for no other object or purpose whatsoever,* and with the reservations and upon the conditions hereinafter mentioned, we have given and granted and by these presents do give and grant unto Edward Bridge his heirs and assigns, the land under water and between high and low water mark, described as follows, * * * [being the land described in the complaint herein] excepting and reserving to all and every the said people, the full and free right, liberty and privilege of entering upon and using all and every part of the above described premises, in as ample a manner as they might have done had this power and authority not been given, until the same shall have been actually appropriated and applied to the purposes of commerce, by erecting a Dock or Docks thereon; and these presents are upon the Express Condition that if the said Edward Bridge his assigns shall not within five years from the date hereof actually appropriate and apply the above described premises to the purposes of Commerce, by erecting a

Dock or Docks thereon and filling in the same, then these presents and everything herein contained shall cease, determine and become void."

The complaint contained all necessary allegations within the rule stated in *Best Renting Co.* v. *City of New York* (248 N. Y. 491).

The defendant moved to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The motion was granted by the Special Term. The Appellate Division reversed unanimously but certified that in its opinion a question of law was involved which ought to be reviewed by this court, to wit, " Does the complaint state a cause of action? " and granted leave to appeal.

It is the contention of the defendant that the complaint fails to state facts sufficient to constitute a cause of action because it fails to allege that either plaintiff or its predecessors in title have complied with all the terms and conditions of the grant; that is, that it has failed to comply with rule 92 of the Rules of Civil Practice, requiring that performance of conditions precedent be pleaded. If the reservations and conditions set forth in the patent are to be construed as conditions precedent, the complaint, while technically complying with all the requirements of article XV of the Real Property Law, does not comply with rule 92 and must be held to fail to state facts sufficient to constitute a cause of action.

This court has held in *Matter of City of New York* ( *Upper N. Y. Bay*) (246 N. Y. 1, 16, 22) that grants apparently identical in form conveyed a fee and that the conditions were conditions subsequent. CRANE, J., said: " It is true that the Simonson grants, made in 1860 and 1861, did not contain these words [for the beneficial enjoyment of the patentee], but the grant was made for the purpose of promoting the commerce of the State, and granted to Jeremiah Simonson, as executor, certain land under water, described as beginning at high-water mark,

reserving the right in the People to enter upon and use the lands until the same have been actually appropriated and applied to the purposes of commerce by erecting a dock thereon, and that if the dock is not erected within three years, the grant shall cease and determine and become void. * * *

" Some of these grants, as above stated, were made on condition that the grantee would build docks, fill in the land and construct piers within a certain number of stated years; otherwise, the grants were to be void. The State alone could enforce these conditions; the fee title remained in the grantee until divested by action of the State. (*Matter of Benedict* v. *Lunn*, 244 N. Y. 373.) If there has been a breach of the conditions subsequent to the grant the city is not at liberty to take advantage of that omission. The State only can claim the right to vacate the patent for breach of condition subsequent, and then only in a direct action or proceeding for that purpose. (*Archibald* v. *N. Y. C. & H. R. R. R. Co.*, 157 N. Y. 574, 581.) "

The appellant seeks to distinguish the decision in *Matter of City of New York* (*supra*) upon the ground that it was a condemnation case in which the State of New York was not a party, whereas in the instant case a party interested in the title is seeking to say, without any allegation in its complaint that it has performed all the terms and conditions set forth in its own grant, that this court should adjudge that it has a fee title free and clear of any rights of the State whether it has performed the conditions of the grant or not.

It, however, points out no difference between the patent in this case and the patents to Simonson in *Matter of City of New York*, and if the conditions in the Simonson patents were conditions subsequent, those in this patent are within the same class. Since no rule of pleading requires an allegation of performance of conditions subsequent, plaintiff has apparently complied both with the

requirements of article XV of the Real Property Law and rule 92 of the Rules of Civil Practice.

It is unfortunate, in so far as the People are concerned, if, in cases where grants are so drawn that they must be held to contain conditions subsequent, the State, if it desires to assert an affirmative defense of title in itself, may be required in an action of this kind to both allege and prove failure to comply with the terms and conditions of such grants, yet violence should not be done to established rules of pleading in order to defeat a right of a citizen. If the State desired to vacate and set aside a grant containing conditions subsequent, it might bring an action for that purpose but it would be required to both plead and prove failure to comply with such conditions subsequent and the only difference in result is that this statute operates to permit the State to proceed by way of defense when it might not otherwise be inclined to take such action.

It is also true that these old grants upon condition constitute clouds upon titles and some way should exist so that the titles may be determined.

.It may be a hardship on the State to come in and defend but it is also a hardship upon the owners of such lands not to be able to clear their titles. That conditions like the one in question constitute a condition subsequent and that such a grant conveys a fee has been held in *People* v. *Wainwright* (237 N. Y. 407).

The order should be affirmed, with costs; the question certified answered in the affirmative and permission granted to the defendant to plead within twenty days

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Order affirmed, etc.