**CROSNEY v. EDWARD SMALL PRO-
DUCTIONS, Inc.**

District Court, S. D. New York.

Dec. 17, 1942.

I. Gainsburg, of New York City (Samuel Gottlieb, of New York City, of counsel), for plaintiff.

Friend & Reiskind, of New York City (Arthur S. Friend and Edwin M. Reiskind, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

The defendant, Edward Small Productions, Inc., has moved under Rule 12 (b), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, to dismiss the plaintiff's complaint herein on the ground that it fails to state a claim upon which relief can be granted.

It is alleged in the complaint, that plaintiff is administratrix c. t. a. of one Sam Bernard, deceased, under an appointment of the Surrogate's Court, New York County (Par. First); that the defendant, Edward Small Productions, Inc., is a California corporation (Par. Second); that the matter in controversy exceeds the jurisdictional requirements of $3,000 (Par. Third).

It is also alleged that prior to the commencement of this action, a play entitled "Friendly Enemies" was written by Aaron Hoffman and Samuel Shipman and copyrighted by them on January 25, 1918 (Par. Fourth); that in and by an agreement dated January 14, 1918, one Albert H. Woods acquired from the playwrights a one-half interest in the motion picture rights, and all other rights with respect to said play, and in the income, benefits and profits derived therefrom (Par. Fifth). That on or about February 20, 1918, Sam Bernard, plaintiff's testator, became jointly interested with Albert H. Woods in and to said play and all rights appertaining thereto, and in the income, benefits and profits derived therefrom, pursuant to a certain written agreement, dated February 21, 1918, of which a copy is annexed to the complaint (Par. Sixth); that in certain bankruptcy proceedings where Albert H. Woods was the alleged bankrupt, in the United States District Court for the Southern District of New York, an order was duly made on May 4, 1932, directing the sale of the alleged bankrupt's assets, and that

on or about said date, pursuant to notice, there was offered for sale, in the course thereof: "Plays in which Mr. Albert H. Woods claims to have an interest in the silent and/or talking motion picture rights, and/or plays in which Mr. Woods claims to have an interest in releases for stock production." (Par. Seventh.)

It is also alleged that such rights as Albert H. Woods then had remaining in and to and with respect to said play "Friendly Enemies" were sold to and acquired by one, Jacob J. Schwebel at the bankruptcy sale, and that the sale was duly confirmed by an order made in the bankruptcy proceedings on or about May 31, 1932 (Par. Eighth); that Jacob J. Schwebel, the purchaser in said bankruptcy sale, acquired only such interest as Albert H. Woods then had, and did not acquire the interest of plaintiff's testator nor any part thereof (Par. Ninth); that thereafter, and prior to the commencement of this action, Jacob J. Schwebel sold and assigned such rights as he had acquired in and to said play as a result of his purchase in the bankruptcy proceedings, to the defendant Edward Small Productions, Inc. (Par. Tenth); that at no time did the defendant, Edward Small Productions, Inc., acquire the rights of plaintiff's testator, Sam Bernard, in and to the play, or the testator's interest in and to the income, benefits and profits derived therefrom (Par. Eleventh).

The complaint further alleges that heretofore, and in and about 1942, the defendant Edward Small Productions, Inc., undertook to and did produce a certain sound motion picture photoplay entitled "Friendly Enemies" based upon the aforesaid play, without the consent of plaintiff's testator, Sam Bernard, or of this plaintiff, and in violation and disregard of the rights acquired by Sam Bernard in and pursuant to the aforesaid agreement dated February 21, 1918, and that said defendant, Edward Small Productions, Inc., has misappropriated and usurped such rights (Par. Twelfth); that the defendant has received and is receiving from the production and use of the motion picture photoplay, income, profits and royalties, the amount of which is unknown to the plaintiff, and unascertainable except by an accounting, and that plaintiff has no adequate remedy at law (Pars. Thirteenth and Fourteenth.)

Plaintiff demands judgment that a trust be declared of plaintiff's right and interest in said motion picture photoplay "Friendly Enemies", and that defendant account to the plaintiff for all profits and income received therefrom and be directed to pay to the plaintiff the proportion thereof to which plaintiff may be and is entitled.

On a motion, such as this, to dismiss the complaint for failure to state a valid claim for relief, all properly pleaded allegations of the complaint are accepted as true.

The first thing to consider is what the plaintiff's testator received under the February 21, 1918 letter agreement with Mr. Woods. The opening paragraphs of the letter agreement read as follows:

"Confirming our oral arrangements to date in the contemplated production of the play for the present entitled 'Friendly Enemies', and in consideration of your services to date in the premises, and your agreement to play one of the two leading male roles at a reduced salary, and also in consideration of your payment to me of one-half of the costs of the production of the said play, as will hereinafter be more specifically set forth, I hereby agree to sell to you, and to that end I do hereby assign, set over and transfer unto you, your heirs, administrators and assigns forever, an undivided one-half or fifty per cent (50%) interest for the United States and Canada, in and to all of the rights of the said play entitled 'Friendly Enemies' by Messrs. Samuel Shipman and Aaron Hoffman as authors; and I hereby do further assign, transfer and set over unto you for the considerations hereinbefore expressed, an undivided one-half or fifty per cent (50%) interest of my share or interest in the stock, repertoire and motion picture rights of the said play for the United States of America and Canada.

"This transfer to you shall include one-half of any and all interests in this play in the United States and Canada only, (however, it is understood that you shall not as a result of the foregoing transfer acquire any interest of any kind or nature in and to any of the profits of any theatre or theatres in which the said play shall be presented.)"

There is nothing in a certain addendum to the letter agreement which conferred on Mr. Woods any authority to convey, transfer or dispose of the rights and interests acquired by Mr. Bernard under the letter agreement. The added paragraph related to the authority of Mr. Woods to control and manage the production, bookings and

finances of the play, i. e. the stage play. It does not appear to relate at all to the motion picture rights of the play. In fact nothing in the letter agreement or in the added paragraph gave Mr. Woods any authority to sell Bernard's interest in the motion picture rights of the play. The letter agreement transferred and assigned to Mr. Bernard one-half of Mr. Wood's share or interest in the motion picture rights of the said play for the United States of America and Canada. The other and remaining half of the rights Mr. Woods had acquired from the playwrights, he apparently continued to hold and his trustee in bankruptcy acquired that half by operation of law. That was all the trustee acquired and it was all the trustee could sell to defendant's assignor at the bankruptcy sale. The trustee did not issue any license to defendant's assignor or to defendant to make a photoplay.

The plaintiff has alleged that the defendant is the owner through Schwebel of whatever interest Wood's trustee in bankruptcy conveyed. Therefore, on the basis of the other allegations in the complaint, the defendant owns one quarter of the motion picture rights of the play, and so was an equal cotenant with the plaintiff's testator, who also owned a quarter. One cotenant cannot bind the interest of another, although he purports to do so, "in the absence of assent or ratification upon her part". In re Hoffman's Estate, 175 Misc. 607, 25 N.Y.S.2d 339, 342. See Curnen v. Ryan, 187 App.Div. 6, 175 N.Y.S. 50. And this is so even though the third party was unaware of the interest of the nonassenting cotenant.

This case differs from suits where an accounting is sought from one who is alleged to be an infringer of a copyright, and not a cotenant. In such cases, it has been held that the plaintiff's complaint is bad if plaintiff has not expressly negatived the possibility that one of plaintiff's cotenants may have licensed the defendant (if a license has been granted, no accounting lies against the licensee, because one cotenant may grant a full license of the whole play—the licensor, however, must account to his cotenant for the consideration received). But here there is no claim of complete infringement or claim of license exclusive of cotenancy. The basis of plaintiff's claim is that plaintiff as the administratrix c.t.a. of Sam Bernard, the owner of one-quarter of the moving picture rights of the play (and the words of grant do make the agreement an in praesenti assignment in exchange for a partially in futuro consideration), is entitled to an accounting from a cotenant, the defendant, who has produced the motion picture play and garnered all the profits. Plaintiff is not seeking an injunction, to bar the cotenant from the use of the res; plaintiff seeks an accounting of the profits resulting from that use. Defendant as a cotenant has so used the res, i. e. the motion picture rights of the play, that the value of the use of such rights by the plaintiff has been destroyed. It presents a clear case for an accounting. See Nillson v. Lawrence, 148 App.Div. 678, 133 N.Y.S. 293; Arona Holding Corporation v. Fraser, 125 Misc. 333, 209 N.Y.S. 756.

And plaintiff's complaint does not present the question of whether any action by Wood's assignors has defeated the claim for relief as in Nillson v. Lawrence, supra, so it is not necessary that those assignors be made parties to this action in order to completely settle the matter. The plaintiff's testator's interest, if anything, is not less than one-quarter, and no more than the one-quarter has been claimed. No interest of Wood's assignors will therefore be prejudiced by their omission from this action.

Rule 9(c) of the F.R.C.P., requiring a plaintiff to plead generally the performance of conditions precedent, has not been violated. The assignment contract itself acknowledges receipt of part of the consideration. The balance was to be paid after the conveyance then and thereby made. Nonperformance by the assignee, if such exists, is a condition subsequent and not covered by the rule. See I Moore's Federal Practice, page 591. Also David v. City Nat. Sec. Co., 174 App.Div. 593, 161 N.Y.S. 174, and New York Foundation v. People, 259 N.Y. 54, 181 N.E. 12, which arose under the very similar Rule 92 of the New York Rules of Civil Practice.

The motion accordingly is denied.