## PIANTADOSI v. LOEW'S INC.
### No. 10314.

Circuit Court of Appeals, Ninth Circuit.

June 2, 1943.

Rehearing Denied June 30, 1943.

J. M. Danziger, of Los Angeles, Cal., for appellant.

Milton H. Schwartz and Herman F Selvin, both of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

In an action for the infringement of a copyright on a musical composition the District Court granted the motion of one of the defendants for a summary judgment. Plaintiff appeals.

Plaintiff complains of three defendants, Loew's Incorporated (hereinafter called Loew's), Metro-Goldwyn-Mayer Corporation (hereinafter called M-G-M) and Leo Feist, Inc., and makes the following allegations. Plaintiff composed the music of the song "That's How I Need You", and Joe.

McCarthy and Joe Goodwin wrote the lyric. With his co-authors plaintiff secured a copyright in 1912 and renewed the same by application filed June 1, 1939. The copyright was infringed by defendants by means of Wallace Beery's rendition of the song in the motion picture "Barnacle Bill." The use of the song was not licensed by plaintiff or by either of his co-owners. Plaintiff gave notice of infringement to Loew's and to M-G-M. Leo Feist, Inc., a music publisher, purportedly licensed the use, but the license was without right. Feist, Inc., claims to own the copyright on the music, and without right obtained a renewal of the copyright.

Loew's and M-G-M answered as follows. Leo Feist registered the song for copyright in 1912, and with the writers of the lyric, McCarthy and Goodwin, obtained a renewal May 22, 1939. Both before and after the date of renewal, and prior to any use of the song by these defendants, McCarthy and Goodwin assigned their rights to renewal to Feist, Inc. Plaintiff tried to renew the copyright June 1, 1939, but his action was ineffectual since he was not entitled to renew it. Feist, Inc., licensed Loew's to use the composition. The music was composed by plaintiff as an employee of Feist under an employment contract making Feist, and consequently his successor Feist, Inc., the owner of the composition and any copyrights thereof.

The Vice-President of Loew's and M-G-M, Sam Katz, answered interrogatories propounded by plaintiff in a sworn statement to the following effect. M-G-M transferred all its assets to Loew's in 1937 and has done no business since. Letters between Loew's and Feist, Inc., evidence the terms of the license to Loew's, for which Loew's paid Feist, Inc., $515.64 on July 21, 1941. Attached to the affidavit is a copy of the employment contract between Leo Feist and plaintiff, dated August 23, 1909. Under its terms Feist employed Piantadosi to write musical compositions, and Piantadosi conveyed to Feist the publishing and other rights in his music, written during the period of the contract, including the right to copyright and renew copyrights. Also attached are two assignments, signed by lyric writers McCarthy and Goodwin respectively, and dated November 25, 1939, transferring all rights in "That's How I Need You" under the renewal of the copyright therein to Feist,

Inc. Also attached are prior assignments dated September 18 and September 28, 1936, executed by the two writers to Feist, Inc., transferring all rights in the song, including all renewals of the copyrights and the right to renew the copyrights subsisting. Loew's own 51% of the stock of Robbins Music Corporation, which has a controlling interest in Feist, Inc., but Loew's actually has no control of the Robbins Corporation as it cannot elect more than one-half of the directors.

Loew's and M-G-M made a motion for a summary judgment, which was supported by the affidavit of Abe Olman, secretary and general manager of Feist, Inc., and of Robbins Music Corporation. He sets forth the following facts. "That's How I Need You" was copyrighted by Leo Feist as proprietor, for he was the employer for whom the work had been made for hire by Piantadosi and he had received assignments from McCarthy and Goodwin. Leo Feist, Inc., succeeded to the business of Leo Feist. It obtained a renewal and extension of the copyright in its name as proprietor and in the names of McCarthy and Goodwin as authors of the words. On November 25, 1939, McCarthy and Goodwin assigned in writing all their rights under the renewal of the copyright; the documents are attached, and Olman says they are in fact signed by McCarthy and Goodwin, with whose signatures he is familiar. Feist, Inc., licensed Loew's to use the song in the motion picture. The license is contained in certain attached letters, the signatures of which are genuine according to Olman, who is familiar with them: one from Loew's to Feist, Inc., dated May 2, 1941, confirming certain quotations to Loew's for the use of the song; a second dated July 3, 1941, between the same parties asking for a reduction in prices; a third dated July 16, 1941, from Feist, Inc., to Loew's lowering the rate of payment; a fourth dated July 21, 1941, from Loew's to Feist, Inc., enclosing a check for $515.64 for the right to use the song; and a fifth from Feist, Inc., to Loew's acknowledging receipt of the check.

An affidavit of McCarthy alleges that he obtained a renewal and extension of the copyright on May 22, 1939, and that he assigned his rights in the composition under the renewal to Feist, Inc., on November 25, 1939. The latter fact appears in affidavits by McCarthy's wife and by the

manager of the Copyright Office of Feist, Inc., both of whom were present when the assignment was executed.

Plaintiff contested the motion for summary judgment with an affidavit alleging as follows. Plaintiff made a contract with Leo Feist in 1909; he denies that it was like the contract attached to the Answer to Interrogatories, that it made Feist the proprietor of "That's How I Need You" or that the song was made for hire, that the contract concerned synchronization rights as the art was unknown in 1909; and that it gave Feist the right to copyright the song as proprietor or to renew the copyright. Plaintiff denies that Feist, Inc., had a right to apply for the renewal. He says that the McCarthy and Goodwin assignments were not executed on November 25, 1939, but on September 18 and 28, 1936, and that the two men are out of the state, and their affidavits cannot be secured. He bases his knowledge on conversations with his co-authors, correspondence with Feist, Inc., and a letter for McCarthy dated March 23, 1942, in which he stated that he re-signed his copyright with Feist about five years before. Plaintiff denies that either McCarthy or Goodwin applied for a renewal of the copyright. For almost three years Feist, Inc., negotiated with plaintiff with respect to the acquisition of renewal copyrights. Plaintiff inquired of Feist, Inc., about an item in its statement of royalties showing the receipt of $1,500 for the synchronization of "That's How I Need You," and was informed that the money was received on July 29, 1941, for the use of the song in the motion picture "Barnacle Bill." Plaintiff denies that Feist, Inc, licensed the defendant to use the song.

An affidavit of one of defendants' attorneys, accompanied by certified copies of the application for renewal of the copyright filed by plaintiff on June 1, 1939, shows that the "authors of said musical composition, on whose behalf said renewal was requested, were Joe McCarthy, Joe Goodwin and Al Piantadosi."

The motion for summary judgment was granted, the court concluding that the pleadings and affidavits on file raised no genuine issue of material fact[1] and that Loew's was entitled to a judgment in its favor as a matter of law. Therefore, judgment for Loew's with $20 costs and $500 attorney's fees was ordered.

■ Rule 56(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, declares with respect to summary judgments that: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Under this rule mere denials, unaccompanied by any facts which would be admissible in evidence at a hearing, are not sufficient to raise a genuine issue of fact.

■ Aside from denials and inadmissible evidence, the papers on file herein show a license from Feist, Inc., to Loew's to use the copyrighted song. The affidavits of Sam Katz and Abe Olman allege a license by reason of several letters between Feist, Inc., and Loew's, identify the letters, and indicate the genuineness of the signatures. Plaintiff, presenting no facts in support thereof, merely denies the existence of the license, thus raising no issue. Contrary to plaintiff's contention, an inconsistency in defendant's letters as to the amount paid for the license, the date of actual payment, and the relationship of the parties to the license have no tendency to defeat the evidence of its existence.

The affidavits of McCarthy and of officers of Loew's and Feist, Inc., prove that co-authors McCarthy and Goodwin assigned their rights in the renewal of copyright to Feist, Inc., on November 25, 1939. Plaintiff asserted that the assignments were executed in 1936, not in 1939, a fact which he knew from conversations with McCarthy and Goodwin, not repeated in his affidavit, from letters from Feist, Inc., not included in the record although evidently attached to the affidavit as an exhibit, and from a letter from McCarthy.

McCarthy's letter is not inconsistent with his affidavit that he assigned his copyright in 1939, and the others of plaintiff's statements constitute inadmissible evidence.

■ The assignments to Feist, Inc., being proved, the publisher became at least

---

[1] Rule 56(c), Federal Rules of Civil Procedure: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

a co-owner of the copyright, § 42 of the Copyright Act, 17 U.S.C.A. § 42. The question, then, is whether a third party licensed to use a copyrighted work by one co-owner incurs liability for infringing the copyright to other co-owners who gave no consent. A negative answer is given by dictum in Klein v. Beach, D.C.N.Y., 232 F. 240, 247, affirmed without mentioning the point in 2 Cir., 239 F. 108. Herbert v. Fields, Sup., 152 N.Y.S. 487; Nillson v. Lawrence, 148 App.Div. 678, 133 N.Y.S. 293; Amdur Copyright Law and Practice, p. 834f, are in accord. Copyrights are similar in purpose to patents, and patent law protects a licensee of a joint owner from suit by another joint owner. Talbot v. Quaker State Oil Refining Co., 3 Cir., 104 F.2d 967; Paulus v. M. M. Buck Mfg. Co., 8 Cir., 129 F. 594; Blackledge v. Weir & Craig Mfg. Co., 7 Cir., 108 F. 71. It is reasonable that the principle covers copyrights. Therefore, Feist, Inc., and through it Loew's, received a valid license to use the song, a good defense to a suit by co-owner Piantadosi.

No genuine issue concerning a material fact being raised by the pleadings, affidavits, and answer to interrogatories filed herein, the motion for summary judgment was properly granted.

Affirmed.