In an action on contract for the support of an infant, judgment dismissing the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action, entered upon direction of the trial court after a jury was empanelled and sworn, but before the case was opened, reversed on the law and a new trial granted, with costs to appellant to abide the event. It is our opinion, accepting the allegations of the complaint as true and, according to them every fair intendment, as we must (Dyer v. Broadway Central Bank, 252 N. Y. 430, 432), that those allegations, amplified by the bill of particulars (Bolivar v. Monmat, 232 App. Div. 33, 34 et seq.j Kronman & Co., v. Public Nat. Bank of N. Y. 218 App. Div. 624, 629), set forth a valid contract on the part of intestate which may be enforced on behalf of the infant. (Bosseau v. Bouss, 91 App. Div. 230, 234; Todd V. Weber, 95 N. Y. 181, 189, 195; PLook v. Pratt, 78 N. Y. 371; Buchanan V. Tilden, 158 N. Y. 109, 121; Burr v. Beers, 24 N." Y. 178.) We find no merit in other grounds for dismissal urged by respondent. (See McKinney v. MeCloskey, 8 Daly 368, affd. on opinion below, 76 N. Y. 594; Locke v. Pembroke, 280 N. Y. 430; New York Foundation v. People, 259 N. Y. 54, 58; Marx v. Talking Doll & Novelty Co., 96 Mise. 591, 593.) Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur. [See 278 App. Div. 569.]