Michael Catalano, J.
The motions before this Trial Term have a significant history.
Plaintiff and defendant moved for summary judgment returnable at Special Term on June 7, 1961. On July 21, 1961, the adjourned hearing date, the undersigned sitting at Special Term, read all motion papers, heard counsel for both parties, concluded that a bona fide issue of material fact existed and denied both motions. On March 6, 1962, an order was submitted for signature and it was signed and granted on that day. The next day, the order alone was filed in the Erie County Clerk’s office.
On May 4, 1964, an order was granted restoring this case to the Trial Calendar and it alone was filed May 11, 1964.
The complaint is based upon a contract between the Waters Corporation, a general contractor, and the Board of Education of Central School District No. 1, Massena, New York, to build a school and garage; a subcontract between plaintiff and Waters to do certain work thereon; and a bond naming Waters as “Principal,” defendant as “Surety” and the board as “ Owner.”
The answer admits all of the complaint, except paragraphs 6, 11, 12, 13 and 14, which allege plaintiff’s full performance of the subcontract and specific conditions precedent in the bond.
On February 4, 1965, counsel for the parties appeared in a Trial Term of this court. Defendant’s counsel moved to amend the answer denying specifically and with particularity the performance of two conditions precedent in the bond, to wit: the giving of 90 days’ notice and the commencement of this action within one year .from a certain date. No prior notice of the motion was given to plaintiff’s counsel. As a substitute for notice, reference was made to the affidavits in the 1961 motions for summary judgment, setting forth the facts on which the motion to amend was based. These affidavits were not on file, nor were they then submitted to the court.
At the same time and date, the attorneys stipulated that there was due to the plaintiff from Waters the sum of $10,740 for work done on the high school. The plaintiff’s attorney moved for judgment upon the admissions in the pleadings and in open court, contending that the general denials in the answer were insufficient under CPLR 3015 (subd. [a]).
The New York history of pleading the performance of a condition precedent in a contract has had three definitive eras of trial and error: (1) before 1948, (2) 1948 to 1963, (3) 1963 to date.
Before 1948, section 162 of the old Code of Procedure was revised in part into the first sentence of section 533 of the Code *356 of Civil Procedure which was adopted by the Rules Convention in 1921 to become rule 92 of the Rules of Civil Practice as follows : “In pleading the performance of a condition precedent in a contract, it is not necessary to state the facts constituting performance, but the party may state in general terms, that he, or the person whom he represents, duly performed all the conditions of such contract on his part. ’ ’
Strict compliance with this version of the rule was absolutely necessary if the privilege of the “ general ” allegation was adopted. (Utica Trust & Deposit Co. v. Sutton, 231 App. Div. 95, 98 [1930]. Followed: All State Warehousing v. Mammoth Stor. Warehouses, 7 A D 2d 714 [1958].) For example, the omission of the word “ duly” from the complaint was fatal, since it was considered an omission of substance and not merely form. (Clemens v. American Fire Ins. Co., 70 App Div. 435, 436 [1902]; Walker v. Gerli, 257 App. Div. 249, 253 [1989].)
It developed that the pleader had three choices: (1) To plead facts of performance of a condition precedent; (2) make a general statement of due performance under rule 92 of the Rules of Civil Practice; or (3) plead facts showing excuse for nonperformance. (Pletman v. Goldsoll, 264 App. Div. 393, 395 [1942].) Of course, rule 92 of the Rules of Civil Practice did not apply to conditions subsequent. (New York Foundation v. People, 259 N. Y. 54, 58 [1932].)
Effective February 16, 1948, the old rule 9.2 of the Rules of Civil Practice was replaced by a new one, providing: ‘ ‘ The performance or occurrence of a condition precedent in a contract may be pleaded in general terms as a legal conclusion without stating the facts constituting performance or occurrence. A denial of such allegation of performance or occurrence shall be made specifically and with particularity. In case of such denial the party pleading the performance or occurrence shall be required to prove on the trial only such performance or occurrence as shall have been so specified.”
The fateful word 1 ‘ duly ’ ’ was omitted from rule 92 of the Rules of Civil Practice. So where the plaintiff was obliged to give notice, it was not necessary to plead it if the complaint alleged due performance of all the provisions in the policy. (Balkan Demolition Co. v. Yorkshire Ins. Co. of N. Y., 10 A D 2d 706 [1960].) A general denial of an allegation of due performance was insufficient to raise an issue under rule 92 of the Rules of Civil Practice (Lourie v. Mishkin, 279 App. Div. 754 [1951]), but specific and particular denials were sufficient. (Storer v. Bion Exhibits, 279 App. Div. 1098 [1952].)
*357 As of September 1,1963, rule 92 of the Rules of Civil Practice was replaced by CPLR 3015 (subd. [a]) which provides: “ The performance or occurrence of a condition precedent in a contract need not be pleaded. A denial of performance or occurrence shall be made specifically and with particularity. In case of such denial, the party relying upon the performance or occurrence shall be required to prove on the trial only such performance or occurrence as shall have been so specified.”
Althongh these pleadings were drawn under the 1961 Civil Practice Act and Buies of Civil Practice and were the pleadings in an action pending on September 1,1963, they may be changed and evaluated pursuant to the former procedure, or the CPLR which shall not render prior proceedings under the old law ineffective or impaired; the judicial test is whether or not it be feasible and just to do so. (See CPLR 10003.)
The only change of substance between rule 92 of the Buies of Civil Practice and CPLR 3015 (subd. [a]) was in the first sentence. Rule 92 of the Buies of Civil Practice gave the pleader an election to plead the performance or occurrence of a condition precedent: (1) “in general terms as a legal conclusion” or (2) “stating the facts”. CPLR 3015 (subd. [a]) eliminated the “ need ” to plead either.
The first tentative predecessor of CPLR 3015 (subd. [a]) was stated in 1957 as 26.6 (a): “Conditions precedent. The performance or occurrence of conditions precedent may be pleaded generally. A denial shall specify the particular performance or occurrence disputed.”
This provision was based upon rule 92 of the Buies of Civil Practice, omitting a statement of the plaintiff’s burden of proof. (¡See First Preliminary Rep. of Advisory Comm, on Prac. and Pro., p. 64 [1957].)
In 1961, the wording of the present CPLR 3015 (subd. [a]) was drafted, bearing the number 3055 (subd. [a]). (See Fifth Preliminary Rep. by Sen. Finance C'omm., p. 420 [1961]. Repeated in 1962, N. Y. Sen. Finance Comm. Rep. pp. 268-269.) The requirement to plead performance or occurrence of conditions precedent was deleted, following the English rule implying such performance (see Twelfth Annual Rep. of N. Y. Judicial Council; N. Y. Legis. Doc., 1946, No. 17, pp. 365, 368, 370), since such general allegation failed to inform the defendant of any specific facts. (See Final Rep. of Advisory Comm, on Prac. and Pro., p. 421 [1961].)
Under CPLB 3015 (subd. [a]), if the defendant questions performance of a condition not specified in the complaint, he
*358 must deny it specifically. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3015.03.)
Here it is feasible and just that, since the pleadings were drawn in 1961, rule 92 of the Rules of Civil Practice, effective February 16, 1948, be applied.
Paragraph 6 of the complaint alleges, in part: ‘1 That * * * plaintiff has duly performed its obligations under said subcontract ”. The general denial thereof puts nothing in issue, especially since the truth of the allegation was admitted in open court.
Paragraphs 11 and 12 of the complaint specifically allege performance of the conditions precedent in the bond as to 90 days’ notice and one year’s limitation, respectively. These are successfully denied in the answer.
Paragraph 13 of the complaint alleging indebtedness of $10,740 is denied in the answer.
Paragraph 14 of the complaint alleges: ‘1 That plaintiff has complied with all the terms and obligations of said bond.” Although ‘1 duly ’ ’ is omitted, this allegation is sufficient, but it is not specifically denied in the answer.
The defendant’s motion and the pleadings’ posture suggest that only two issues of fact remain: (1) has the plaintiff performed the bond’s condition, 3 (a), in giving notice; and (2) has the plaintiff performed the bond’s condition, 3 (b), in commencing the action in one year?
CPLR 4401 entitled, “Motion for judgment during trial,” provides, in part: “Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law * * * at any time on the basis of admissions. Grounds for
the motion shall be specified. The motion does not waive the right to trial by jury or to present further evidence even where it is made by all parties.”
This restates in its unabridged form prior law, consolidating in one motion for judgment during trial the former motions to dismiss (Civ. Prac. Act, § 482), for directed verdict (Civ. Prac. Act, § 457-a), for judgment on admissions (Civ, Prac. Act, § 476) and to dismiss on counsel’s opening. (See Second Preliminary Rep. of Advisory Comm., p. 306 [1958].) The last clause of the last sentence was added for clarification. (See Fifth Preliminary Rep. of Sen. Finance Comm., p. 543 [1961]; Sixth Rep. of Sen. Finance Comm., p. 386 [1962].)
A motion for judgment on admissions should be granted during the trial when counsel ‘ ‘ deliberately and intentionally states *359 or admits some fact that, in any view of the case, is fatal to the action.” (Hoffman House v. Foote, 172 N. Y. 348, 350-351 [1902]. See, also, Gilbert v. Rothschild, 280 N. Y. 66, 70 [1939].) The admissions to be considered should be formally intended to be part of the pleadings or to avoid a question arising from the pleadings (Lloyd v. R. S. M. Corp., 251 N. Y, 318, 320 [1929]); not inconclusive evidentiary admissions that might be met by contradictory evidence resulting in an issue of fact. (Gracie Sq. Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 278 [1953].) Sufficiency of evidence reasonably to satisfy a jury cannot be tested mechanically; it becomes incredible as a matter of law only when no reasonable man can accept it as true, which usually varies in every case. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 246 [1944]. See, also, Woodson v. New York City Housing Auth., 10 N Y 2d 30, 33 [1961].)
Here, issues of material fact arise from the pleadings. Thus, a jury trial is necessary.
CPLR 4111 (subd. [a]) defines a special verdict as “ one in which the jury finds the facts only, leaving the court to determine which party is entitled to judgment thereon.”
CPLR 4111 (subd. [b]) provides the practice in using the special verdict, stating, in part: ‘1 When the court requires a jury to return a special verdict, the court shall submit to the jury written questions susceptible of brief answer ” and “ shall give sufficient instructions to enable the jury to make its findings upon each issue.” The major difficulty in the former practice of using a special verdict, namely, that it must find all facts necessary for judgment, has been eliminated. (See Second Preliminary Rep. of Advisory Comm, on Proc. and Proc., pp. 234-235 [1958] and cases there cited.) The present special verdict practice is new in the CPLR and Avas derived from Federal rule 49 of the Rules of Civil Procedure. (Second Preliminary Rep., p. 234; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4111.01.)
Here, the two simple issues concerning the giving of notice and commencing the action in one year are ideally suited to special verdicts.
The first written question to be submitted to the jury is: ‘ ‘ Has the plaintiff, as a claimant under defendant’s bond, given written notice to any íavo of the following: the principal, James J. Waters Corporation, the owner, Board of Education, Central School District No. 1, or the surety, this defendant, within 90 days after the plaintiff did or performed the last work or labor, or furnished the last of the materials for which claim is made? ”
The second written question to be submitted is: “ Did that written notice state Avith substantial accuracy the amount claimed *360 and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed? ”
The third written question to be submitted is: “ Was that written notice served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the principal, owner or surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the 'State of New York, save that such service need not be made by a public officer ? ” The fourth question to be submitted is: “ Was this action commenced by the plaintiff before the expiration of one year following the date on which principal ceased work on the contract between the principal and the owner involved in this case? ”
Both motions are denied, without motion costs.
The four written questions should be submitted to a jury for answer as special verdicts. If any of such questions is challenged by either party as to form or substance, it may be settled on written notice to all appearing counsel and the court, to be served within three days after the service of a copy of the order herein granted; otherwise, these four questions are referred to the calendar Justice for resubmission and trial before a jury in due course.