Jasen, J.
In February, 1963, defendant-appellant, Malan- . Buckley, a contractor, entered into a contract with the City of New York for the construction of a water pollution control project in Brooklyn. Subsequently, plaintiff, Allis-Chalmers Manufacturing Company, agreed to supply Malan-Buckley at the site with certain equipment and materials, consisting of air blowers, main sewage pumps, pumping units, accessories and spare parts for a price of $788,500. Payment by Malan-Buckley to plaintiff was to be made only after payment by the city to Malan-Buckley of installments pursuant to the general contract, and in the ratio that equipment delivered by plaintiff bore to the total amount of equipment to be supplied by plaintiff, or *230 to the extent that Malan-Buckley received payment from the city for equipment delivered by plaintiff[1], whichever was the lesser.
Based on Malan-Buckley’s alleged breach of contract in failing to pay it for equipment furnished and used on the project, plaintiff filed a notice of lien, claiming a lien on the money due, and to become due, to Malan-Buckley under the contract between it and the city. In this action to foreclose the lien[2], plaintiff’s complaint alleged the performance or occurrence of certain conditions precedent. It alleged that Malan-Buckley, having performed the conditions of the city contract, was entitled to payments under that contract (par. 10 of complaint); that it had delivered the materials as specified or required by the terms of the materials contract (par. 14); that all the materials furnished have been installed in the city project (par. 15); that Malan-Buckley has received payments from the city which included payment for materials furnished by supplier (par. 16), and that Malan-Buckley has received payment in full for all materials furnished by it, thus entitling plaintiff to the balance on its contract (pars. 17, 18). Malan-Buckley in its answer denied generally these allegations.
During the course of its pretrial examination of plaintiff, Malan-Buckley sought to examine plaintiff in detail regarding its performance under the agreement. Plaintiff objected to such inquiry on the ground that Malan-Buckley’s general denial was insufficient to raise triable issues of performance. Special Term, relying on CPLR 3015 (subd. [a]), agreed and precluded inquiry by Malan-Buckley into issues of performance as alleged in paragraphs 14 and 15 of the complaint. At the nonjury hearing, the Special Referee adopted as the law of the case Special Term’s interpretation of CPLR 3015 (subd. [a]). Accordingly, Malan-Buckley was precluded from introducing evidence regarding plaintiff’s performance as alleged not only in paragraphs 14 and 15, but also in paragraphs 16,17 and 18 of the complaint. After rendering this decision, judgment was directed in favor of the plaintiff for the amount claimed. On appeal, the Appellate Division unanimously affirmed, without opinion.’
*231 The question thus posed on this appeal is whether CPLR 3015 (subd. [a])[3] required the defendant Malan-Buckley to deny “specifically and with particularity” plaintiff’s allegations of performance of certain conditions precedent in order to be entitled to prove nonperformance. The courts below answered the question in the affirmative. We reach a contrary conclusion.[4]
Under the common law, it was necessary for the plaintiff to allege in detail facts constituting the performance of conditions precedent in order to establish a cause of action. (See, e.g., Tooher v. Arnoux, 76 N. Y. 397; Clark, Code Pleading [2d ed.], § 45, pp. 280-284; Shipman, Common Law Pleading [3d ed.], § 116 et seq.) With the advent of complex commercial and insurance contracts the rule imposed a considerable burden upon the plaintiff. A mistake on the part of the plaintiff in interpreting the meaning of the contract with respect to what acts or events were conditions precedent, or the mere oversight of a condition precedent would lead to insufficient allegations of performance, even where the performance of the condition precedent was not at issue in the action. (See, generally, Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 363, 365-366; 5 Williston, Contracts [3d ed.], § 674.) Indeed, the “ risk of technical default became sufficiently heavy to outweigh the minimal information value provided by an enumeration of the conditions precedent that had been complied with by the pleader.” (5 Wright and Miller, Federal Practice and Procedure, § 1302, p. 429.)
*232 Buie 92 of the Buies of Civil Practice[5] modified the common-law rule by permitting the performance of conditions precedent in a contract to be pleaded ‘ ‘ in general terms as a legal conclusion without stating the facts”. This was an attempt to •alleviate the burden imposed by the common-law rule. (Twelfth Annual Report of N. Y. Judicial Council, 1946, supra, p. 366 ; cf. 2A Moore, Federal Practice, 11 9.04.) At the same time, this rule, by prescribing the method of putting the allegation in issue and the scope of proof of the allegation when put in issue, fulfilled a pleading function in that it limited the issues and informed the plaintiff of the conditions that he would have to prove at the trial. Buie 92, however, had its own shortcomings. The perfunctory allegation of performance of conditions precedent not only failed to perform any useful function, but also was a “ negative factor in that it resulted in considerable controversy as to whether a given condition in the contract was precedent or subsequent.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 3015.01, p. 30-189.)
In enacting CPLB 3015 (subd. [a]), the Legislature, while retaining that part of rule 92 which governed the denial of performance or occurrence of conditions precedent, eliminated any requirement that performance or occurrence of conditions precedent he pleaded. Bather, CPLB 3015 (subd. [a]) adopts the English rule which implies the performance of conditions precedent without the necessity of pleading it. (Sixth Beport to the Legislature Belative to the Bevision of the Civil Practice Act, N. Y. Legis. Doc., 1962, No. 8, p. 269.) The purpose of the change effected by CPLB 3015 (subd. [a]) was to eliminate the unnecessary allegations that resulted under the prior practice, and the possibility of litigation over the sufficiency of an *233 allegation of the performance or occurrence of a condition precedent. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., supra, pp. 30-189 to 30-1900
Instead of relying on the CPLR 3015 (subd. [a]) presumption of compliance with conditions precedent, plaintiff in the case before us alleged in its complaint the performance or occurrence of certain conditions precedent.[6] Since the allegations of performance of conditions precedent referred specifically to certain conditions, the statutory requirement that the denial ‘1 be made specifically and with particularity ’ ’ is not applicable. As stated in Weinstein-Korn-Miller (N. Y. Civ. Prac., supra, Vol. 3, p. 30-192), “A specific denial also may not be necessary should the plaintiff choose to particularize his performance or the occurrence of conditions precedent. In that event a denial of the pertinent allegations should suffice.” (See, also, 5 Carmody-Wait 2d, New York Practice, § 30.28, p. 610; Union Free School Dist. v. Gumbs, 133 N. Y. S. 2d 499 [Sup. Ct.].) Consequently, because the defendant’s general denial is sufficient to place the plaintiff’s allegations in issue, it was error to preclude defendants from offering proof under these issues.
This conclusion is clearly in accordance with the underlying purposes of CPLR 3015 (subd. [a]). (Cf. Matter of Irwin v. Board of Regents, 27 N Y 2d 292.) By the general denial of the specific allegations of performance, plaintiff was certainly put on notice as to what he would have to establish at trial. Indeed, there is no need for further specification and more particularity in order to apprise the plaintiff of the defendant’s position. Moreover, to hold otherwise would result in a formalism almost as objectionable as that of the formalism under the common-law rule and rule 92 which CPLR 3015 (subd [a]) intended to obviate, and do violence to the legislative command *234 that the CPLR “ shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” (CPLR 104.)
Accordingly, the order appealed from should be reversed and a new trial granted, with costs to abide the event.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Order reversed, etc.

. Malan-Buckley billed the city for $1,703,000, which included Allis-Chalmer’s materials, auxiliary equipment and labor costs.

. Defendant-appellant, Aetna Casualty and Surety Company, executed a surety bond and undertaking to discharge the lien.

. “ Rule 3015. Particularity as to specific matters, (a) Conditions precedent. The performance or occurrence of a condition precedent in a contract need not be pleaded. A denial of performance or occurrence shall be made specifically and with particularity. In case of such denial, the party relying upon the performance or occurrence shall be required to prove on the trial only such performance or occurrence as shall have been so specified.”

. The threshold challenge to the applicability of CPLR 3015 (subd. [a]) is quickly answered. Contrary to appellant’s argument that “ conditions precedent” in CPLR 3015 (subd. [a]) has reference to conditions precedent to the existence of a contract and not as to one party’s performance under the contract, the phrase encompasses a condition precedent to the obligee’s performance under the contract as well as to the existence of a contract. (Cf. 5 Williston, Contracts [3d ed.], § 666A, pp. 141-143; Restatement, Contracts) § 250.)

. “ Rule 92. Conditions precedent in contract; how pleaded; how denied; burden of proof. The performance or occurrence of a condition precedent in a contract may be pleaded in general terms as a legal conclusion without stating the facts constituting performance or occurrence. A denial of such allegation of performance or occurrence shall be made specifically and with particularity. In case of such denial the party, pleading the performance or occurrence shall be required to prove on the trial only such performance or occurrence as shall have been so specified.” (As amd. 1948.) For a discussion of the derivation of rule 92, see Prashker, Pleading Performance of Conditions Precedent, 13 St. John’s L. Rev. 242; James, Civil Procedure [1965 ed.], § 3.14; Martin Fireproofing Co. v. Maryland Cas. Co. (45 Misc 2d 3541.

. CPLR 3015 (subd. [a]) applies in any instance where the plaintiff in a contract action would be required to plead his performance of a condition precedent or the occurrence of such condition, which includes- an action to foreclose a mechanic’s lien. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., [[ 3015.02, Siegel, Supplementary Practice Commentary to CPLR 3015, McKinney’s Cons. Laws of N. Y., Book 7B [1971 Cum. Supp.], p. 153; 16 CarmodyWait 2d, New York Practice, § 97.313, p. 389.)