OPINION OF THE COURT
Bernard Fuchs, J.
The action is on a standard form fire insurance policy. Defendant American Home Assurance Company (hereinafter called defendant) moves for summary judgment on the ground that plaintiff failed to give the "immediate written notice” of loss required by the policy.
The supplemental verified complaint alleges that "plaintiff has duly performed all of the terms and conditions of the said policy on its part to be performed”. A denial of the allegation appears in the verified answer filed November 21, 1978. But defendant pleads nothing explicit as to the immediate written notice requirement which, the parties agree, is a condition precedent of defendant’s contract performance. There has been no motion to amend the verified answer.
At common law a contract cause of action was insufficiently pleaded unless performance of conditions precedent was alleged in detail. The risk of injustice to the pleader from that requirement led to a shift of the pleading burden under the Rules of Civil Practice and eventual adoption of CPLR 3015 (subd [a]). (See Allis-Chalmers Mfg. Co. v Malan Constr. Corp., 30 NY2d 225.)
CPLR 3015 (subd [a]) excuses plaintiff from pleading "performance or occurrence of a [contract] condition precedent”. (Halperin, Somers & Goldstick v 54-55 Sixth Realty Corp., 50 AD2d 755.) Instead it requires defendant to deny satisfaction of the condition "specifically and with particularity”. Only then is plaintiff required to prove "such performance or occurrence [of the condition] as shall have been * * * specified” by defendant’s pleading. CPLR 3018 (subd [b]) imposes a concurrent burden on defendant to plead all matters which "would raise issues of fact not appearing on the face of’ the complaint.
The requirement of CPLR 3015 (subd [a]) that defendant specifically deny performance of contract conditions precedent applies equally whether the complaint is silent on that issue or alleges performance only generally, as in the present case. (Martin Fireproofing Corp. v Maryland Cas. Co., 45 Misc 2d 354, affd 26 AD2d 910.) Such a denial is an affirmative defense *286 (for pleading purposes) under CPLR 3018 (subd [b]). (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3015:2, C3018:14.) Failure to plead the defense waives it (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3018:22). Since the general denial in the verified answer effectively conceded satisfaction of the notice condition and waived any defense of noncompliance with it, defendant is precluded from raising a contrary contention (5 Carmody-Wait 2d, NY Practice, § 30:28), either at trial or as a ground for summary judgment. (See, e.g., Arrow Plumbing Co. v Dare Constr. Corp., 212 NYS2d 438, decided under rule 92 of the Rules of Civil Practice, the predecessor of CPLR 3015, subd [a].)
Neither Allis-Chalmers (supra) nor Martin Fireproofing (supra) is to the contrary. Since allegations of performance in the Allis-Chalmers complaint referred, unlike the present case, "specifically to certain conditions, the statutory requirement that the denial 'be made specifically and with particularity’ [was] not applicable”. (Allis-Chalmers Mfg. Co. v Malan Constr. Corp., 30 NY2d 225, 233, supra.) A general denial of such allegations incorporates them by reference and was therefore sufficient to place the plaintiff’s allegations in issue.
Martin Fireprooñng was decided under rule 92 of the Rules of Civil Practice but the same principles applied. A general denial of a general allegation (as in the present case) that " 'plaintiff has duly performed its obligations’ ”, the court held, "puts nothing in issue”. (Martin Fireproofing Corp. v Maryland Cas. Co., 45 Misc 2d 354, 358, supra.) But specific allegations that bond conditions of 90 days’ notice and commencement of the action within one year had been satisfied were "successfully denied” by a general denial, as in Allis-Chalmers.
If defendant had not waived the notice condition its motion would fail nonetheless. According to plaintiff’s uncontroverted affidavits, plaintiff relied on assurances of defendant’s representative that the loss "would be reported * * * to the company and * * * a formal report * * * filed”. The conclusion on which plaintiff acted, that no further notice was required, may well have been justified. These allegations raise the triable issue whether defendant is estopped to interpose lack of written notice as a breach of condition. (Sergent v *287 Liverpool & London & Globe Ins. Co., 155 NY 349; 17 Apple-man, Insurance Law and Practice, § 9750.)
Motion denied.