The LEVINSON STEEL
COMPANY, Plaintiff,

v.

SCHIAVONE CONSTRUCTION COMPANY, INC./EDWARD B. FITZPATRICK JR. ASSOCIATES, INC., a Joint Venture, Defendant.

No. 85 Civ. 4846 (RLC).

United States District Court,
S.D. New York.

June 23, 1986.

Berman, Paley, Goldstein, Berman, New York City, for plaintiff; Samuel R. Dolgow, of counsel.

Buckley, Treacy, Schaffel, Mackey & Abbate, New York City, for defendant; Eugene Schaffel, Gary J. Mueller, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

The Levinson Steel Co. ("Levinson"), a Pennsylvania corporation, sues defendant Schiavone Construction Co., Inc./Edward B. Fitzpatrick Associates, Inc. ("Schiavone"), a joint venture of New York and New Jersey corporations, for breach of contract. In turn, Schiavone counterclaims against the plaintiff for breach of the same contract. Schiavone now moves for a dismissal of the complaint on the ground that it is barred by the statute of limitations.

## BACKGROUND

The New York City Transit Authority ("NYCTA") awarded the defendant a construction contract for a subway project denominated as Route 131A in February, 1975. On November 26, 1976, Schiavone issued a purchase order to Levinson that confirmed a September 6, 1974 order for structural steel for the project. The price

of the steel included three coats of Epoxy-Polyamide paint.

Levinson delivered the steel to the jobsite between September 16, 1976 and October 31, 1979. Levinson was not responsible for the erection of the steel; that task was within the bailiwick of another subcontractor, Ermco Associates. At some point during the project's construction (the papers do not indicate when), paint began to deteriorate, allowing the underlying steel to rust. On April 7, 1980, Levinson did some touch-up work on the steel. In addition, Schiavone later incurred substantial costs in repainting the steel that Levinson had provided.

By the terms of the purchase order, payment was to "be made for the actual work performed, certified to and accepted for payment by the owner [NYCTA] or their representative." Furthermore, the timing of the payment was to be made in full "within thirty (30) days after receipt and acceptance of materials on the jobsite...." Levinson alleges that Schiavone has not payed it for the moneys owed under the contract. Schiavone's non-payment is attributed, in large part, to backcharges that the joint venture made against the plaintiff's account for repainting the steel. The last of those charges was levied on March 26, 1982. This action was commenced on June 24, 1985.

## DISCUSSION

The mere recitation of these facts suggests that the plaintiff's claims may be time-barred. We look, in this diversity suit, to New York law for the relevant statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Plaintiff does not seriously contend that the purchase order is anything other than a sale of goods, and hence covered by the four-year statute of limitations of the Uniform Commercial Code, U.C.C. § 2–725.[1] That section pro-

1. Plaintiff does point to paragraph 5 of the purchase order, which refers to Levinson as a "subcontractor" and provides that it "shall not assign, sublet or subcontract" its work without Schiavone's prior written approval. This sole reference does not undermine the rest of the purchase order, which is manifestly a contract for goods, not services.

vides that an action for "breach of any contract for sale must be commenced within four years after the cause of action has accrued." The first question we must answer is: when did this cause of action accrue?

Absent an express provision otherwise, New York courts do not construe construction subcontracts or supply contracts to impose the general contractor's risks onto the subcontractor or supplier. *Lowy and Donnath, Inc. v. City of New York*, 98 A.D.2d 42, 469 N.Y.S.2d 760 (1st Dept. 1983), *aff'd*, 62 N.Y.2d 746, 476 N.Y.S.2d 830, 465 N.E.2d 369 (1984); *Schuler-Haas Electric Corp. v. Aetna Casualty & Surety Co.*, 49 A.D.2d 60, 371 N.Y.S.2d 207 (4th Dept.1975), *aff'd*, 40 N.Y.2d 883, 389 N.Y.S.2d 348, 357 N.E.2d 1003 (1976). However, the purchase order at issue here twice stated that the NYCTA's acceptance of the steel was a condition precedent to payment. No cause of action for breach could accrue until thirty days after the NYCTA accepted the steel. The pleadings and affidavits submitted in connection with this motion are silent as to when the NYCTA accepted Levinson's steel. If acceptance occurred when the steel was delivered, then unless the statute were tolled, Levinson's claims would have been untimely as of November 30, 1983, four years and thirty days after the last delivery of steel. But if acceptance occurred at any time after May 25, 1981, the claims would be timely.

▪ As Levinson notes, Schiavone "has not contended that the steel was accepted, because ... acceptance would be inconsistent with the Transit Authority's insistence that the steel be repainted...." Affirmation in Further Opposition at 2. Similarly, Levinson has not contended that the steel was not accepted, because that contention would be at odds with its substantive claim. The conundrum in which the parties find themselves has produced a record barren of evidence of the NYCTA's acceptance. The court is even ignorant of how the

parties construe the plain words of the contract, "receipt and acceptance." Thus, the motion must be denied at this juncture. The time bar issue is inextricably bound to the merits of this case, and cannot be determined upon summary adjudication. Schiavone must adduce evidence as to when the NYCTA accepted Levinson's delivery for payment under the terms of the contract if its statute of limitations defense is to succeed.[2]

▪ Assuming that the time bar issue will resurface in this litigation, we take this opportunity to spell out the arguments that we have already rejected. First, plaintiff suggests that its breach of contract claim did not accrue until the backcharges were imposed. It argues that Schiavone breached its contract when it provided Levinson with a faulty specification for paint, that the damages from that breach were not ascertainable until the backcharges were imposed, and hence, that its cause of action did not accrue until March 26, 1982. Levinson conflates its own cause of action with its defense to Schiavone's counterclaim. Its claim for payment did not accrue when the backcharges were imposed, but rather, as stated above, when the deliveries were accepted for payment.

▪ Second, Levinson suggests that its cause of action did not accrue until Schiavone submitted its request for reimbursement for its repainting expenses to the NYCTA. Levinson points to a clause in the purchase order stating that its additional costs "shall be reimbursed ... upon documented proof of such additional costs to the same degree the New York City Transit Authority (owner) reimbursed [defendant] for these costs." This clause applies only to reimbursement of Levinson's extra costs, not to payment for the steel itself.

▪ Third, Levinson attempts to characterize its relationship with Schiavone as a "mutual, open and current account." In such accounts, no cause of action accrues

2. Under New York law, the plaintiff is not required to plead satisfaction of conditions precedent in order to state a claim for breach of

contract. *Allis-Chalmers Mfg. Co. v. Malan Construction Corp.*, 30 N.Y.2d 225, 231, 331 N.Y.S.2d 636, 282 N.E.2d 600 (1972).

until the last transaction occurs; in this instance, that date would be March 26, 1982, when the last backcharge was imposed. C.P.L.R. § 206(d). But there was no mutual running account between Levinson and Schiavone; such accounts exist only where there is an express or implied agreement between two parties to set off their mutual debts against each other. *Seaboard Coast Line Railroad Co. v. Long Island Rail Road Co.*, 595 F.2d 96, 100 (2d Cir.1979).

Finally, Levinson asserts that Schiavone's conduct precluded it from raising the statute of limitations defense because Schiavone, at least through May 14, 1982, supported Levinson's contention that the paint system's failure was not due to faulty fabrication. *See* Affidavit in Opposition, Exhibits 3 and 5. Levinson asserts that this conduct "misled" it to believe that Schiavone and Levinson shared the same interest as to reimbursement from the NYCTA. Although we doubt that these letters could have misled Levinson as to Schiavone's ultimate position regarding the allocation of costs between them in the absence of NYCTA reimbursement, plaintiff's claim is facially inadequate under an equitable estoppel theory. Schiavone is not alleged to have misled Levinson as to the *existence* of its cause of action, the *sine qua non* of an equitable estoppel claim. *Immediate v. St. John's Queens Hospital*, 48 N.Y.2d 671, 421 N.Y.S.2d 875, 397 N.E.2d 385 (1979). Schiavone could only have misled Levinson by misrepresenting that the NYCTA had not accepted the steel when it had.

Defendant's motion for summary judgment is denied.

IT IS SO ORDERED.