■ Cortes E. DeRussy, Appellant, v Federated Capital Corporation et al., Respondents. [779 NYS2d 481]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about August 8, 2003, which, in an action to recover severance pay, inter alia, granted the motion of defendants employer and guarantor for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Since plaintiff specifically alleged compliance with the notice provision in the subject employment agreement, defendants' general denial was sufficient to raise the issue of noncompliance (CPLR 3015 [a]; *see Allis-Chalmers Mfg. Co. v Malan Constr. Corp.*, 30 NY2d 225, 233 [1972]).

Upon review, we find that plaintiff's notice of termination was not given within 60 days of the occurrence of the "good reason" he invoked for such notice, as required by the agreement, and we therefore conclude that plaintiff is not entitled to severance pay. The good reason that plaintiff invoked was the sale of a material division of his employer. After deciding in February 2001 to divest itself of the division in accordance with a plan formulated by plaintiff, and failing to find a buyer in March, April and May, the employer proceeded to sell the division's assets in piecemeal fashion to several different buyers in July and August. Plaintiff would have the triggering event for the exercise of his right to give notice of termination and receive severance pay be the last day of sale of the last of the division's assets. Taking a practical view of the entire course of events, including plaintiff's relatively short-term hiring as something of an interim troubleshooter for the narrow purpose of obtaining financing and formulating plans such as the liquidation sale he now claims triggered his right to severance pay, we conclude that the triggering event occurred in February or March when the decision was made and the plan to effect it was promulgated, and not in the July to August period when the plan was implemented and the assets were sold to several purchasers. We have considered plaintiff's other contentions and find them unavailing. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.