Nationstar Mtge., LLC v Osikoya (2022 NY Slip Op 03394)





Nationstar Mtge., LLC v Osikoya


2022 NY Slip Op 03394


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-08188
 (Index No. 511495/15)

[*1]Nationstar Mortgage, LLC, appellant,
v
Morenike Osikoya, respondent, et al., defendants.


Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista, Jason W. Creech, and Leah Lenz of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 23, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Morenike Osikoya, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Morenike Osikoya, to strike that defendant's answer, and for an order of reference are granted.
On August 5, 2008, the defendant Morenike Osikoya (hereinafter the defendant) executed a promissory note in favor of Golden First Mortgage Corp. and gave a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for the lender, encumbering a two-family dwelling located in Brooklyn. In 2015, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendant defaulted on the mortgage by failing to pay the monthly installment due December 1, 2008, and subsequent payments due thereafter. The complaint further alleged that the plaintiff complied with RPAPL 1304, "unless exempt from doing so," and "complied with all conditions precedent contained in the mortgage, if any." In her answer, the plaintiff denied the material allegations of the complaint, including the allegation that the plaintiff complied with RPAPL 1304 and all conditions precedent contained in the mortgage, and asserted as second and third affirmative defenses that the plaintiff failed to properly serve the 90-day preforeclosure notice required by RPAPL 1304, and failed to comply with the condition precedent set forth in the mortgage requiring that the lender provide the borrower with 30-day written notice of default prior to demanding payment of the loan in full.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In support of its motion, the plaintiff submitted the affidavit of Christine Lozano, a vice president of [*2]the plaintiff, attached to which were a 30-day notice of default and 90-day preforeclosure notices addressed to the defendant at the subject property, a "Proof of Filing Statement" from the New York State Department of Financial Services, and a transaction report. In her affidavit submitted in opposition to the motion, the defendant denied receiving the 30-day notice of default and the 90-day preforeclosure notices. By order dated May 23, 2019, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, determining that issues of fact existed as to whether the plaintiff "properly complied with notice requirements." The plaintiff appeals.
RPAPL 1304(1) provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." Proper service of an RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "[T]he plaintiff has the burden of establishing satisfaction of this condition. Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304" (JP Morgan Chase v Twersky, 202 AD3d 769, 770 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985).
Here, the plaintiff's contention that RPAPL 1304 is inapplicable because the loan is not a "home loan" (id. § [6][a][1][iii]; see L 2009, ch 507, § 1-a [eff Jan. 14, 2010]) is not properly before this Court, having been raised for the first time before the Supreme Court in the plaintiff's reply papers, to which the defendant has had no opportunity to respond (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 625, 627; Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 791). Moreover, under the circumstances of this case, the specific issue "does not involve a question of law that appears on the face of the record and could not have been avoided if brought to the attention of the Supreme Court" (Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 659).
Nevertheless, contrary to the defendant's contention, the plaintiff established strict compliance with RPAPL 1304 by submitting proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 891; U.S. Bank NA v Smith, 191 AD3d 726; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1136-1137; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826-827). In opposition, the defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to raise a triable issue of fact (see Charles Schwab Bank v Winitch, 179 AD3d 1003, 1005; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786).
There is no merit to the plaintiff's contention that the defendant waived the affirmative defense of failure to comply with the condition precedent contained in paragraph 18 of the mortgage. The defendant's specific denial of the allegation in the complaint that the plaintiff had "complied with all conditions precedent contained in the mortgage, if any," sufficed to preserve the issue of the plaintiff's compliance (see Allis-Chalmers Mfg. Co. v Malan Constr. Corp., 30 NY2d 225, 233; Nationstar Mtge., LLC v Matles, 185 AD3d 703, 706). Moreover, the defendant's third affirmative defense was pleaded with the requisite particularity (see CPLR 3015[a]; cf. Caliber Home Loans, Inc. v Squaw, 190 AD3d 926).
"Where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 970 [internal quotation marks omitted]). Contrary to the defendant's contention, the plaintiff established, prima facie, that a notice of default in accordance with paragraphs 13 and 18 [*3]of the mortgage was properly transmitted to the defendant prior to the commencement of this action (see HSBC Bank USA, N.A. v Trincilla, 202 AD3d 766, 768). In opposition, the defendant failed to raise a triable issue of fact (see Nationstar Mtge., LLC v LaPorte, 162 AD3d at 786; PHH Mtge. Corp. v Muricy, 135 AD3d 725, 726).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court